Laurence M. and Phyllis W. CARLSON, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 82-7694.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 3, 1983.

Decided Aug. 8, 1983.

---

Allen Galbraith, Carlson & Drewelow, P.S., Wenatchee, Wash., for petitioners-appellants.

Glenn L. Archer, Jr., Kenneth W. Gideon, Washington, D.C., Emory L. Langdon, San Francisco, Cal., William P. Wang, Ann Belanger Durney, Gilbert E. Andrews, Washington, D.C., for respondent-appellee.

Before WRIGHT, SKOPIL, and POOLE, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The issue is whether the Tax Court held correctly that taxpayer did not manufacture or produce the apple bins he leased to a fruit company, and that he was not entitled to an investment tax credit for the bins. Taxpayer contends that he exercised sufficient control over the bins' assembly to be considered to have manufactured them, and that he is entitled to the tax credit because he leased the bins for valid business reasons. We affirm.

FACTS

Though actively involved in the apple industry, Carlson was primarily engaged in the practice of law during the years in question. He leased apple bins to Welch Apples, Inc. (Welch) during the years 1973–1976.

The partly assembled bins were ordered by Welch from a third party and delivered to Welch's facilities. Assembly was completed by workers selected by Welch's general manager. Those workers received no instructions from Carlson, finished assembly mainly at Welch's facilities, and were paid directly by Welch.

Carlson reimbursed Welch for costs and expenses associated with assembling the bins. He also allegedly asked Welch's general manager for the names of competent workers and instructed him to have them do the assembly work.

The Commissioner issued a notice of deficiency of $29,518, disallowing investment tax credits Carlson claimed for the years 1974, 1975, and 1976 for the apple bins. The years 1971, 1972, and 1973 are involved in this case only because of investment credit carrybacks from 1974 through 1976. Carlson contested the deficiency in the Tax Court, which held for the Commissioner. *Carlson v. Commissioner*, 79 T.C. 215 (1982).

DISCUSSION

A noncorporate lessor may be allowed an investment tax credit for certain depreciable tangible personal property he has manufactured or produced. The Commissioner argues that Carlson did not manufacture or produce the bins as required by section 46(e)(3)(A) of the Internal Revenue Code and is not entitled to an investment tax credit. *See* 26 U.S.C. § 46(e)(3)(A).

When interpreting a statute, we need not go beyond its language unless it is ambiguous or rendered so by other inconsistent statutory language. *Escondido Mutual Water Co. v. Federal Energy Regulatory Commission*, 692 F.2d 1223, 1234 (9th Cir.1982). Section 38 of the Internal Revenue Code allows a credit against income tax for investment in section 38 property. 26 U.S.C. § 38. Section 48(a)(1) defines section 38 property to include generally depreciable, tangible personal property having a

useful life of at least three years. 26 U.S.C. § 48(a)(1). The taxpayer qualifies for an investment credit by meeting one of two requirements, including the one at issue here:

(3) *Noncorporate lessors.*—A credit shall be allowed by section 38 to a person which is not a corporation with respect to property of which such person is the lessor only if—

(A) the property subject to the lease has been manufactured or produced by the lessor . . . .

26 U.S.C. § 46(e)(3)(A) (1976).[1]

Carlson argues that he is entitled to an investment credit because he comes within the intent of the statute. He contends that he leased the bins to Welch for valid business reasons, with the attendant risks.

Congress intended, by the enactment of section 46(e)(3), to deny the investment credit to noncorporate lessors who have retained passive investment or financing arrangements without the risks and obligations of an active business. *See Ridder v. Commissioner,* 76 T.C. 867, 872 (1981). Section 46(e)(3)(A) unambiguously sets out certain criteria that noncorporate lessors must satisfy to be entitled to an investment credit. Congress chose an easily administered approach which provides predictability for taxpayers. *Id.* at 875–76. Carlson's reasons for entering into the lease agreement are irrelevant.

Carlson must show that he controlled the manufacture of the bins. *See Lykes Bros. Steamship Co. v. United States,* 513 F.2d 1342, 1350, 206 Ct.Cl. 354 (1975). *See also* Fed.Tax Reg. § 1.48–2(b) (1983). He argues that, given the circumstances, he exercised sufficient control over the bins' assembly to be considered to have manufactured them. The record indicates the contrary.

His involvement with the assembly process was minimal. He reimbursed Welch for costs and expenses, allegedly asked Welch's general manager for the names of competent workers, and instructed the general manager to have those men assemble the bins.

■ The Tax Court concluded correctly that Carlson was not entitled to an investment credit with respect to the bins under section 46(e)(3)(A) because he did not personally assemble the bins or control the details of assembly. He did not manufacture them in the ordinary course of his business. He merely financed the cost of assembling them.

The Tax Court's findings of fact and inferences drawn from those facts are not clearly erroneous. *See Estate of Skaggs v. C.I.R.,* 672 F.2d 756, 757 (9th Cir.1982). The judgment of the Tax Court is affirmed.

1. The relevant portions of section 46(e)(3) provide:

Section 46. AMOUNT OF CREDIT.

. . . .

(e) *Limitations With Respect to Certain Persons.*—

. . . .

(3) *Noncorporate lessors.*—A credit shall be allowed by section 38 to a person which is not a corporation with respect to property of which such person is the lessor only if—

(A) the property subject to the lease has been manufactured or produced by the lessor, or

(B) the term of the lease (taking into account options to renew) is less than 50 percent of the useful life of the property

. . . .

26 U.S.C. § 46(e)(3) (1976).