**PACIFIC BASIN MANUFACTURING & TRADE COMPANY, LTD., a corporation, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 82–7564.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 1983.

Decided Sept. 20, 1983.

---

Patrick H. Fabian, Robert S. Lyons, Cullinan & Lyons, San Francisco, Cal., for petitioner-appellant.

Michael L. Paup, Glenn L. Archer, Washington, D.C., for respondent-appellee.

Before TRASK, SNEED and FARRIS, Circuit Judges.

**PER CURIAM:**

Taxpayer appeals from a Tax Court judgment holding it liable for income tax deficiencies for tax years ending June 30, 1975 and 1976. We affirm.

## I.

### FACTS

Taxpayer is a Delaware corporation that maintains its sole manufacturing facility and its principal office in American Samoa, a United States possession. It manufactures jewelry and in 1975 and 1976 the bulk of its sales was to its parent, Edward D. Sultan Co., Ltd., a Hawaii corporation. Sultan paid for the goods purchased by depositing checks directly into taxpayer's account in the Honolulu branch of the Bank of Hawaii.

For the tax years in question, taxpayer excluded from gross income all revenue from sales to its parent. This was done on the basis of 26 U.S.C. § 931(a) (1970 & Supp. V 1975) (current version at 26 U.S.C. § 936(a)),[1] which provides that income of domestic corporations doing business in a United States possession is nontaxable if the income is derived from sources outside the United States. On audit, the Internal Revenue Service agreed that taxpayer met the conditions for section 931(a) treatment in both 1975 and 1976. It found, nonetheless, that exclusion of the Sultan proceeds was improper because of section 931(b) (current version at 26 U.S.C. § 936(b)), an exception to the general rule of excludability. Section 931(b) makes taxable amounts otherwise excludable under subsection (a) if the amounts are "received . . . within the United States." The Tax Court found that amounts received from taxpayer's parent were "received" in the United States, and on that basis upheld the deficiencies assessed by the I.R.S.

---

1. Congress has amended the "Income from sources within possessions of the United States" provision, effective for tax years beginning after January 1, 1976, and recodified it at 26 U.S.C. § 936 (1976). Because the amendment was not effective for the tax years in question all statutory references in this opinion are to 26 U.S.C. § 931 (1970 & Supp. V 1975).

640

## II.

## DISCUSSION

■ Section 931(b) is unambiguous on its face: "Notwithstanding subsection (a), there shall be included in gross income all amounts received by such citizens or corporations within the United States, whether derived from sources within or without the United States." The Treasury Department and the Internal Revenue Service consistently have construed this provision to give "received" its common, everyday meaning. *See* 26 C.F.R. § 1.931–1 (1982); Rev.Rul. 58–486, 1958–2 C.B. 392. That is the proper approach. *See Malat v. Riddell,* 383 U.S. 569, 571, 86 S.Ct. 1030, 1032, 16 L.Ed.2d 102 (1966); *Carlson v. Commissioner,* 712 F.2d 1314 at 1315 (9th Cir.1983). Here, physical receipt occurred when the checks from Sultan were deposited in taxpayer's bank account in Honolulu. At that point, taxpayer had custody as well as control of the funds. Also at that point, taxpayer had "received" the amounts for purposes of section 931(b). The statutory language is clear; it provides that for corporations qualifying under subsection (a) the excludability of sales proceeds turns on the place of receipt. The place of receipt here undisputably was the United States.

■ Taxpayer argues that receipt for purposes of section 931(b) should depend not on the location where payments are physically received but rather on the location of the corporation's primary physical presence. We disagree. Subsection (a) restricts the benefits of section 931 to corporations that maintain significant operations in a possession.[2] Taxpayer's interpretation would render subsection (b) redundant, and in large part a nullity. The Tax Court properly rejected such a construction and, accordingly, we affirm.

AFFIRMED.

---

**2.** Subsection 931(a) requires that to qualify a corporation must derive: (1) eighty percent of its income from a United States possession, and (2) fifty percent of its income from the active conduct of a trade or business within the possession.