**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**Sherman Walter ROACH,
Defendant/Appellant.**

**No. 84–5120.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 3, 1984.

Decided Oct. 23, 1984.

---

Craig I. DeRoy, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff/appellee.

Carlton F. Gunn, Federal Public Defender, Los Angeles, Cal., for defendant/appellant.

Before FARRIS, ALARCON and NORRIS, Circuit Judges.

FARRIS, Circuit Judge:

Probation for Sherman Roach was revoked more than three and a half years after he had requested prompt disposition of the charge that he had violated his probation. He appeals the revocation, contending that the Interstate Agreement on Detainers, 18 U.S.C.App. II, Art. V(c) requires that the charges be dismissed with prejudice.

We previously considered whether or not the Agreement applies to detainers based on parole violator warrants. *Hopper v. United States Parole Com'n,* 702 F.2d 842 (9th Cir.1983). We held that it did not.

■ We must now decide whether or not the Agreement applies to probation violation charges. Our review would be cursory but for the Third Circuit's consideration of this question in *Nash v. Jeffes,* 739 F.2d 878 (3rd Cir.1984), *affirming Nash v. Carchman,* 558 F.Supp. 641 (D.N.J.1983). There is an extended discussion of the Agreement's legislative history in *Nash v. Jeffes.* We look first to the language of the act. If it is clear and unambiguous, it should be applied. We will not go beyond the face of the statute to search for "Congressional intent" when that intent is obvious from the language of the act. *Consumer Product Safety Com'n v. GTE Sylvania,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *Carlson v. C.I.R.,* 712 F.2d 1314, 1315 (9th Cir.1983) ("When interpreting a statute, we need not go beyond its language unless it is ambiguous or rendered so by other inconsistent statutory language."). The Agreement provides:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made

of the indictment, information, or complaint.

18 U.S.C.App. II, Art. III(a).

■ The words "indictment," "information," and "complaint" are terms of art with well-understood meanings in the law. They refer to documents charging an individual with having committed a criminal offense. Used in a statute, they must be accorded that meaning. *Ducey v. United States*, 713 F.2d 504, 510 (9th Cir.1983). Probation violation charges do not fall within that definition, and Congress did not express an intention to make the Agreement applicable to probation violation charges. Therefore, the statutory language must be regarded as conclusive. *Tulalip Tribes of Washington v. F.E.R.C.*, 732 F.2d 1451, 1454 (9th Cir.1984).

■ We have reviewed our holding in *Hopper*. While one might forge a distinction between parole and probation, neither parole violator warrants nor probation violation charges are covered by the explicit langauge of the agreement. In spite of the Third Circuit's rejection of *Hopper*, we choose to adhere to the settled doctrine that where the statutory language is unambiguous and there is no clearly expressed legislative intention to deviate from the well-settled meaning of that language, it is conclusive.

Affirmed.

NORRIS, Circuit Judge, concurring in the judgment:

I concur in the judgment on the ground that *Hopper v. United States Parole Commission*, 702 F.2d 842 (9th Cir.1983), is controlling authority. For the purpose of interpreting the Interstate Agreement on Detainers, 18 U.S.C.App. II, § 2, Art. V(c), I do not believe a principled distinction can be made between parole and probation. Accordingly, *Hopper* forecloses this panel from considering the merits of the Third Circuit's interpretation of the Interstate Agreement on Detainers in *Nash v. Jeffes*, 739 F.2d 878 (3rd Cir.1984).