775 P.2d 1106

**Frederick Herman FISHER, Petitioner,**

v.

**SUPERIOR COURT of the STATE of Arizona, In and For the COUNTY OF PIMA; Honorable Bernardo Velasco, Judge of Division 11, Respondents.**

**and**

**the STATE of Arizona, Real Party in Interest.**

**No. 2 CA–SA 89–0074.**

Court of Appeals of Arizona, Division 2, Department A.

July 11, 1989.

Pima County Legal Defender by James U. Glanville, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by Sandra M. Hansen, Tucson, for real party in interest.

## OPINION

LIVERMORE, Presiding Judge.

Petitioner seeks special action relief from the trial court's denial of his motion to dismiss the indictment in this matter with prejudice on the ground that the real party in interest, the State of Arizona, has violated the anti-shuttling provisions of the Interstate Agreement on Detainers (IAD), A.R.S. § 31–481. Because of the important issues raised by this petition, we accept jurisdiction. For the reasons stated below, however, we conclude that the trial court acted correctly in denying petitioner's motion and we therefore deny petitioner's request for relief.

The relevant facts are as follows. On January 30, 1987, petitioner was indicted by the Pima County Grand Jury on numerous counts of sexual abuse and child molestation relating to his teenage stepdaughter, aggravated assault of his wife, and possession of marijuana. Petitioner entered into a plea agreement with the state and was subsequently sentenced to a stipulated term of five years' imprisonment. In addition, the trial court placed petitioner on parole for life, pursuant to A.R.S. § 13–604.01(I). In the meantime, on February 18, 1988, petitioner was sentenced to a five year term of imprisonment after pleading guilty to federal arms violations. On April 18, 1988, while petitioner was serving the federal sentence at the Federal Correctional Institution in Tucson, a letter was sent from the Arizona Department of Corrections to the warden of the federal prison outlining the nature of the state conviction, the sentence imposed, the date the sentence began, petitioner's minimum parole eligibility date, and the sentence expiration date. The letter further provided as follows:

*This letter and judgment is our detainer.* Our Department would appreciate a 30–60 day notice prior to subject's release. Our Department has the sole authority to cancel our detainers. If subject is transferred to another facility please notify this Department and forward our detainer.

(Emphasis in original.)

Petitioner appealed the sentence imposed by the trial court in light of *State v. Wagstaff,* 161 Ariz. 66, 775 P.2d 1130 (Ct.App. 1988), in which Division One of this court held that the lifetime parole provisions of A.R.S. § 13–604.01(I) are invalid and unenforceable. In a November 22, 1988, memorandum decision which was mandated on March 14, 1989, we remanded the case to the trial court for resentencing. At the state's request and pursuant to a writ of habeas corpus ad prosequendum, petitioner was removed from the Federal Correctional Institution on April 24, 1989, and taken to the Pima County Superior Court, also in Tucson, where he appeared before the trial judge. The court rejected the plea agreement, ordered petitioner to be returned to federal custody, and set this matter for trial. Petitioner filed a motion to dismiss the indictment with prejudice pursuant to Article IV(e) of the IAD, A.R.S. § 31–481. The motion was denied and this special action followed.

Article IV(e) of the IAD provides as follows:

If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V(e) hereof, such indictment, information or complaint shall not be of any further force or effect, and the Court shall enter an order dismissing the same with prejudice.

If the IAD applied to the instant case, petitioner would clearly be entitled to the relief requested since he was removed from and returned to federal custody without having been brought to trial. We conclude, however, that the IAD is inapplicable.

The legislative history behind the IAD reveals a recognition of the adverse effects of detainers relating to untried indictments, informations or complaints. Such difficulties include, for example, the thwarting of rehabilitation efforts because of the uncertainties of pending, unresolved charges.

Article I, § 31–481; *see also United States v. Mauro*, 436 U.S. 340, 359, 98 S.Ct. 1834, 1847, 56 L.Ed.2d 329, 346–47 (1978). For these and other reasons, the stated purpose of the IAD is "to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." Article I.

The IAD specifies the procedures which must be followed by a "member state" to obtain custody of an individual incarcerated in another member jurisdiction for trial. "[T]he provisions of the [IAD] are triggered only when a 'detainer' is filed with the custodial (sending) State by another State (receiving) having untried charges pending against the prisoner; to obtain temporary custody, the receiving State must also file an appropriate 'request' with the sending State." *Mauro*, 436 U.S. at 343–44, 98 S.Ct. at 1839, 56 L.Ed.2d at 336–37; *see also United States v. Reed*, 620 F.2d 709 (9th Cir.1980); *United States v. Dobson*, 585 F.2d 55 (3rd Cir.1978); *People v. Brooks*, 189 Cal.App.3d 866, 234 Cal. Rptr. 573 (1987).

The IAD does not define detainer. Noting this fact, the United States Supreme Court in *Mauro* pointed to explanations provided in the House and Senate Reports. " 'A detainer is a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction.' " 436 U.S. at 359, 98 S.Ct. at 1846, 56 L.Ed.2d at 346, *citing* H.R.Rep. No. 91–1018, p. 2 (1970); S.Rep. No. 91–1356, p. 2 (1972). By its terms, the IAD only applies to untried indictments, informations and complaints. Article I, Article II(c), Article IV(a), (e), Article V(a), (c), (d) and (h); *see also Carchman v. Nash*, 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985) (the IAD only applies to untried indictments, informations, or complaints which do not include detainers based upon probation violation charges); *Kiendra v. Hadden*, 763 F.2d 69 (2d Cir.1985) (where federal marshals lodged detainer against federal prisoner on the basis of a district court's order of commitment, that order was not for an untried charge as contemplated by the IAD); *Hernandez v. United States*, 527 F.Supp. 83 (W.D.Okla.1981) (detainer filed by state of Texas for purpose of notifying federal authorities of federal prisoner's state conviction and sentence was not an untried indictment, information or complaint and IAD was found to be inapplicable). "The words 'indictment,' 'information,' and 'complaint' are terms of art with well-understood meanings in the law. They refer to documents charging an individual with having committed a criminal offense. Used in a statute, they must be accorded that meaning." *United States v. Roach*, 745 F.2d 1252, 1254 (9th Cir.1984).

 A writ of habeas corpus prosequendum is not a detainer for purposes of the IAD. *Mauro, supra*. Petitioner argues, however, that the April 18, 1988, letter from the Department of Corrections is a detainer for purposes of the IAD. We disagree. The letter is nothing more than notice to federal authorities that petitioner was convicted of a state crime and that a sentence was imposed in connection with that conviction. The purpose of this kind of "detainer" is to ensure that the federal authorities do not release petitioner when he has completed his federal term of imprisonment because the state term would remain to be served. The letter is not notice of an untried indictment, information or complaint; it is, instead, notice of a final conviction and is not a detainer as contemplated by the IAD. *See Hernandez v. United States, supra*.

 We find unpersuasive petitioner's argument that because the plea agreement was rejected, there came into existence an untried indictment requiring the application of the IAD. The events which took place after the letter was written do not change the contents of the letter. Only one "detainer" was lodged in this matter, that is, the April 18, 1988, letter advising of the state conviction and sentence. A detainer providing notice of an untried indictment, information or complaint was never filed and therefore application of the IAD was never triggered. Our conclusion is further

supported by the fact that the policies underlying the IAD have not been thwarted. None of the problems often resulting from the filing of a true detainer result from a notice of a state conviction and sentence. From the date of the letter until the recent rejection of the plea agreement, there were no charges pending against petitioner.

The trial court neither abused its discretion nor exceeded its legal authority in denying petitioner's motion to dismiss the indictment with prejudice. We therefore deny petitioner's request for relief and affirm.

HATHAWAY and HOWARD, JJ., concur.