**Oscar Cornelius GOODMAN, Petitioner-Appellant,**

**v.**

**Thomas F. KEOHANE, et al., Respondents-Appellees.**

No. 80–6011
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 14, 1981.

Rehearing and Rehearing En Banc
Denied Jan. 25, 1982.

Oscar C. Goodman, pro se.

Paul A. Mendelson, Asst. Atty. Gen., Ana T. Barnett, Asst. U. S. Atty., Miami, Fla., for respondents-appellees.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

PER CURIAM:

After being convicted of bank robbery, petitioner Oscar Cornelius Goodman was sentenced in the Federal District Court for the Middle District of Georgia to imprisonment for a term of twenty years beginning on October 15, 1969. In November 1976, he was released on parole in Miami, Florida. On July 15, 1979, petitioner was arrested on state charges, and on August 9, 1979, federal officials issued a parole violation detainer but stayed its execution pending disposition of the state charges. Petitioner pled guilty to the state charges on November 8, 1979 in the Florida Circuit Court in Dade County, Florida and was sentenced to a twelve-year prison term to be served concurrently with his federal sentence. On December 11, 1979, petitioner was brought before a federal magistrate, who determined there had been probable cause for issuance of the parole violation detainer and scheduled a revocation hearing for February 1980 in Atlanta. Petitioner was returned to the

Dade County jail where he remained until December 26, when federal officials took custody. Thereafter, federal officials rescheduled petitioner's parole revocation hearing for April 1, 1980 in Miami. At that hearing his parole was revoked.

■ Petitioner then filed a *pro se* petition in federal district court challenging the parole proceedings on several grounds and seeking a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner alleged that his statutory and due process rights were violated because (1) his parole revocation hearings were held 111 days after he was taken into federal custody for the alleged parole violation—a period in excess of the ninety days prescribed by 18 U.S.C. § 4214(c); (2) federal officials issued a detainer against petitioner for a parole violation based on the state charges against him before he was convicted of those charges in state court; and (3) custody of petitioner was transferred between the State and Federal Governments without any formal custodial order or agreement. The district court applied the two-part test established in earlier Fifth Circuit cases[1] for determining when a delay by government officials in holding hearings entitles a prisoner to habeas relief. Courts in such cases must inquire first whether the delay was unreasonable and second whether it was prejudicial to petitioner. *Beck v. Wilkes*, 589 F.2d 901 (5th Cir.), *cert. denied*, 444 U.S. 845, 100 S.Ct. 90, 62 L.Ed.2d 58 (1979); *Smith v. United States*, 577 F.2d 1025 (5th Cir. 1978). Finding that petitioner failed to demonstrate that the delay in holding revocation proceedings was prejudicial, the district court dismissed the petition. We agree with the district court's enunciation and application of the standards governing allegations of delay in conducting parole revocation proceedings.

Petitioner's other claims, which the district court did not address in its order, are also without merit. Petitioner's second argument is based on 18 U.S.C. § 4214(b)(1), which provides in relevant part:

Conviction for a Federal, State, or local crime committed subsequent to release on parole shall constitute probable cause for purposes of subsection (a) of this section.[2] In cases in which a parolee has been convicted of such a crime and is serving a new sentence in an institution, a parole revocation warrant or summons issued pursuant to section 4213 may be placed against him as a detainer.

Petitioner's contention appears to be that where an alleged parole violation comprises commission of a criminal offense, such as the state charges to which petitioner pled guilty here, a federal detainer cannot issue before the parolee has been convicted of the alleged offense. Although section 4214(b)(1) clearly authorizes issuance of a detainer against parolees who have been convicted of criminal offenses during the period of their parole, section 4213 generally authorizes issuance of such detainers "as soon as practicable after discovery of [any] alleged violation" of parole. The purpose of section 4214(b) thus is not to require that issuance of a detainer be postponed in cases where a parolee is suspected of having committed a criminal offense until there has been a conviction[3] but is rather to eliminate the requirement of a probable-cause hearing prior to revocation hearings where there has been a new criminal conviction. *See S. Rep. No.* 369, 94th Cong., 2d Sess. 34–35 (1976), *reprinted in* [1976] *U.S.Code Cong. & Ad. News* 335, 366–67. Hence we hold that the Parole Board's issuance of a

---

1. The Eleventh Circuit, in the en banc decision of *Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the decisions of the former Fifth Circuit.

2. Subsection (a) of 18 U.S.C. § 4214 sets forth procedures for determining whether there is probable cause that a parolee has violated a condition of parole and provides that upon a finding of probable cause, revocation hearings shall be scheduled within a prescribed period.

3. The Supreme Court has held that federal officials may postpone execution of a detainer until an intervening sentence has been served. *Moody v. Daggett*, 429 U.S. 78, 82–84, 97 S.Ct. 274, 276–77, 50 L.Ed.2d 236 (1976).

detainer against petitioner shortly after the arrest and filing of state charges against him was entirely proper. *Cf. Moody v. Daggett,* 429 U.S. 78, 82–84, 97 S.Ct. 274, 276–77, 50 L.Ed.2d 236 (1976) (after parolee is convicted of new offense, Parole Board has discretion to review parole immediately or to defer review until intervening sentence has been served).

 Petitioner also claims that his custody is not legal because the Federal Government "lost jurisdiction" over him when, after executing the parole violator's warrant, it returned him to the Dade County Jail. 18 U.S.C. § 4210(a) provides, however, that "[a] parolee shall remain in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which such parolee was sentenced." *Id.* Section 4082(b) authorizes the Attorney General to designate as the place of confinement for persons convicted of federal criminal offenses "any available, suitable, and appropriate institution or facility, whether maintained by the Federal Government or otherwise, and whether within or without the judicial district in which the person was convicted" and allows him "*at any time* [to] transfer a person from one place of confinement to another" (emphasis supplied). Since petitioner was sentenced in 1969 to a twenty-year prison term, under section 4210(a) he will remain in the custody of the Attorney General until 1989. His return by federal authorities to the Dade County Jail after the probable-cause determination by the federal magistrate clearly was authorized by section 4082(b) and does not affect the Federal Government's custody.

 In addition to the issues raised by petitioner below, on appeal he asserts several additional challenges to the district court's rulings. Three of these claims are entirely frivolous.[4] The fourth—that he was transferred from the federal correctional facility in Miami, Florida to the federal penitentiary at Terre Haute, Indiana in violation of Fed.R.App.P. 23(a)—while meritorious, does not entitle petitioner to relief in the form of habeas corpus. Rule 23(a) prohibits the transfer of custody of a prisoner pending review of a decision in a habeas corpus proceeding filed by that prisoner in federal court except by order of the court rendering the decision. The rule was designed to prevent prison officials from impeding a prisoner's attempt to obtain habeas corpus relief by physically removing the prisoner from the territorial jurisdiction of the court in which a habeas petition is pending. *Jago v. U.S. Dist. Court, N.D. Ohio, E. Div., at Cleveland,* 570 F.2d 618, 626 (6th Cir. 1978). To effectuate this purpose, courts have held that transfers made in violation of the rule do not divest a court reviewing a habeas decision of its jurisdiction, regardless of the petitioner's absence from the territorial jurisdiction of the court. *Cohen v. United States,* 593 F.2d 766, 767 n.2 (6th Cir. 1979); *Hudson v. Hardy,* 424 F.2d 854, 856 n.5 (D.C.Cir.1970). *Cf. Ex Parte Endo,* 323 U.S. 283, 306–07, 65 S.Ct. 208, 220–21, 89 L.Ed. 243 (1944) (same result before adoption of Rule 23(a)). Since the transfer of petitioner has not prevented this court from retaining jurisdiction of this appeal and reviewing the district court's dismissal of his habeas petition, and since we hold that he is not otherwise entitled to habeas relief, petitioner can claim no prejudice entitling him to a writ of habeas cor-

---

4. Petitioner's argument that the government's tardiness in responding to his petition entitles him to habeas corpus relief has been rejected by the Fifth Circuit in prior decisions. *See Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Frick v. Quinlin,* 631 F.2d 37, 40 (5th Cir. 1980). His allegation that the district court's failure to apply against the government its local rule 10(C), which provides that a party's failure to respond to a motion may be deemed sufficient cause for granting the mo-

tion, is simply another version of the tardiness argument and fails for the same reasons. Finally, petitioner's claim that he should be released because the district court in its denial order mistakenly cited 18 U.S.C. § 4124 instead of *id.* § 4214 is frivolous. The appearance of the correct citation several times within the order indicates that the error was merely typographical; petitioner has failed to allege that he has suffered any prejudice from this error, nor

pus.[5] *Cf. Shultz v. United States*, 373 F.2d 524 (5th Cir. 1967) (transfer of federal prisoner from penitentiary in Georgia to another in Pennsylvania during pendency of his habeas corpus petition in violation of Fifth Circuit Local Rule 33(1), wrought no prejudice where prisoner had not otherwise presented claim adequate to entitle him to habeas relief).

AFFIRMED.

are we able to imagine what prejudice possibly could result from it.

**5.** Petitioner might have been entitled to temporary relief had he sought to be returned to the Miami facility while this appeal was still pending.