**Michael Charles WARD, Respondent,**

v.

**UNITED STATES PAROLE COMMISSION, et al., Applicants.**

**No. 85–2838.**

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 16, 1986.

Decided Oct. 20, 1986.

Robert J. Burson, Sidley & Austin, Chicago, Ill., for Ward.

John Daniel Tinder, U.S. Atty., Gerald A. Coraz, Asst. U.S. Atty., Indianapolis, Ind., for U.S. Parole Commission.

Before CUDAHY, COFFEY, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Michael Ward, an inmate of the United States Penitentiary at Terre Haute, Indiana, has appealed from the denial of his petition for a writ of habeas corpus. The petition is the fourth Ward has filed during his two years at Terre Haute, and a fifth is pending in the district court. His three prior appeals have been unsuccessful. We shall say nothing about the merits of the current appeal, because the only question at hand is whether the Bureau of Prisons may move Ward to a different prison. Nonetheless, it is not without interest that our most recent affirmance concluded that Ward's appeal was frivolous and that he had litigated in bad faith by falsely telling the district court that he had no other litigation pending and that the petition was his first on the subject in question.

The current suit challenges the Parole Commission's choice of a presumptive release date. The district court considered and rejected the claim on the merits. After Ward filed his appeal, the defendants—the Parole Commission, the Warden of Terre Haute, and "Agents of the Bureau of Prisons"—filed an application with this court for leave to transfer Ward to the Federal Correctional Institution at Milan, Michigan. Milan is a "Level 2" prison with facilities for Level 3 inmates as well. Terre Haute is a Level 4 facility. (Marion, the most secure, is Level 6.) Ward's personal security classification is Level 2, making him suitable for prisons rated Level 2 and up. An affidavit from the Warden of Terre Haute states that the Bureau of Prisons wants to move Ward in order to put him in a place more suitable to his security classification and free up space for those who need to be in a Level 4 penitentiary.

Ordinarily the Bureau of Prisons may move its charges where it will. Under 18 U.S.C. § 4082(b), the Attorney General "may at any time transfer a person from one place of confinement to another." When the substantive decision is so unfettered, the prisoner is not entitled to notice or a hearing concerning the movement. *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Nonetheless, because Ward has an appeal pending in his quest for a writ of habeas corpus, an application for leave is required by Fed.R.App.P. 23(a), which says:

> Pending review of a decision in a habeas corpus proceeding commenced before a court, justice or judge of the United States for the release of a prisoner, a person having custody of the prisoner shall not transfer custody to another unless such transfer is directed in accordance with the provisions of this rule. Upon application of a custodian showing a need therefor, the court, justice or judge rendering the decision may make an order authorizing transfer and providing for the substitution of the successor custodian as a party.

Ward has opposed the application to transfer him to Milan, arguing that the Bureau of Prisons has not "show[n] a need therefor". According to Ward, several factors weigh against transferring him to Milan: an inmate at Milan once physically threatened Ward; Milan is in Michigan, which will hamper his efforts to resist transfer to that state's custody after the end of his federal sentence (Michigan has lodged a detainer against Ward); and both Terre Haute and Milan are overcrowded, Milan more so than Terre Haute. Therefore, Ward concludes, there is no "need" to transfer him.

Whether Ward should be held at Terre Haute or Milan is a question ill-suited for judicial decision. We have no idea whether space is more badly needed at Level 4 than at Level 2, and therefore whether it is a good idea to transfer someone to a "more overcrowded" prison to open up space at a

Level 4 prison. We have no idea whether the threat, which occurred before April 1983, was serious, whether the threatener is still at Milan, and whether the officials at Milan can deal adequately with such threats. An appellate court is not equipped to hold evidentiary hearings, even if (which we doubt) questions such as the "seriousness" of threats sensibly could be resolved by hearing evidence. If the appropriate disposition of the motion depended on who is right about the best place of incarceration for Ward, the court would be in a quandary. We conclude, however, that this determination is unnecessary.

No published decision considers the meaning of "showing a need therefor". The current language of Rule 23(a) was adopted in 1967, together with what is now Rule 41 of the Supreme Court. The Advisory Committee's note on Rule 23(a) says that the language duplicates the Supreme Court's rule; the Supreme Court does not issue explanations for its rules. The only explanation we have found is in R. Stern, E. Gressman & S. Shapiro, *Supreme Court Practice* 672 (6th ed. 1986), which says that the rule "eliminates a number of problems that had earlier arisen as to whether mootness resulted from transferring the prisoner to a district outside that in which habeas corpus was sought or to another custodian.... Rule 41, as thus revised, enables the court rendering the habeas corpus ruling to insure that jurisdiction over the proceeding is not lost, or the case mooted, because of a custodial change." Stern, Gressman & Shapiro do not discuss the meaning of "need", which is unrelated to the effect of the rule on jurisdiction and mootness. The application for the substitution, in which the new custodian accepts the personal jurisdiction of the court, when coupled with an order of substitution, suffices. (Indeed, there seems to be a unanimous view in light of developments since 1967 that the court does not lose jurisdiction even if a prisoner is transferred without compliance with the rule. E.g., *Reimnitz v. State's Attorney of Cook County,*

761 F.2d 405, 409 (7th Cir.1985); *Corgain v. Miller,* 708 F.2d 1241 (7th Cir.1983); *Goodman v. Keohane,* 663 F.2d 1044 (11th Cir.1981); *Cohen v. United States,* 593 F.2d 766, 767 n. 2 (6th Cir.1979).)

Neither the Supreme Court nor the Advisory Committee on Appellate Rules appears to have considered whether there is any reason to put appellate judges in charge of determining "need" for transfers of prisoners while habeas corpus cases are on appeal—and whether transferring this responsibility from the Attorney General to the courts would be appropriate. One consequence is that judges must act outside their expertise and with little knowledge. Another is that prisoners who want to stay where they are might file one habeas corpus action after another, so that an appeal is always pending and the Attorney General's authority under § 4082(b) is restricted.

■ Because § 4082(b) so clearly puts the Attorney General in charge of selecting a federal prisoner's place of confinement, and because nothing in the history or purpose of Rule 23(a) suggests that there is any reason to curtail that authority, we conclude that the Rule requires no more than a review of the Attorney General's determination of need—and deferential review at that, limited to protecting the court's ability to adjudicate the pending case effectively. Protecting this authority is the purpose of the Rule. The statement accompanying the application for leave to transfer should demonstrate an administrative reason that is independent of the litigation. That is, the transfer may not be in retaliation for the suit or designed to make it hard for the prisoner to pursue the litigation. But if the statement shows a legitimate reason for the transfer, and the prisoner cannot establish that the transfer would deprive the court of jurisdiction or substantially complicate the conduct of the litigation, then the application may be granted. This leaves Rule 23(a) a useful function yet preserves the Attorney General's statutory authority.

Decisions of administrative agencies usually are reviewed on the administrative record, not (as Ward requests) on the basis of proofs made to a judge. Unless the administrative record shows that the action is arbitrary, capricious, or an abuse of discretion, it will be sustained. There is no "administrative record" here, but there is an affidavit supplying reasons. It is appropriate to stop the review with the statement of reasons, as the Court did in *Dunlop v. Bachowski*, 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975), which dealt with the authority of the Secretary of Labor over the conduct of union elections. The Court concluded that if the Secretary's decision not to file a suit against a union is reviewable, the review must be on the basis of the Secretary's statement of reasons. The narrow scope of review was compelled by the Secretary's broad discretion and the absence of any statutory requirement to create an administrative record. Here, too, the cabinet officer has great discretion, and there is no statutory requirement to create a record.

■ *Dunlop* stressed that the statement must be reviewed within its four corners. 421 U.S. at 572–74, 95 S.Ct. at 1860–61. The Warden's statement, unless perjured, shows that Ward is being transferred for a legitimate reason—space is needed at Terre Haute, and Milan is appropriate for Ward's Level 2 security classification. Ward does not argue that the transfer will deprive him of access to evidence or inhibit litigation. This case is proceeding on a paper record, which is frozen on appeal. Officials at Milan have a duty to protect Ward against reasonably foreseeable danger, and we cannot assume that they will shirk.

The motion for transfer is granted. The Warden of the Federal Correctional Institution, Milan, Michigan, is substituted for the Warden of Terre Haute as a defendant in this case.

* The Honorable James E. Noland, Chief Judge of the United States District Court for the Southern