**In the Matter of Donald GEE.**

**No. 87–8010.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 9, 1987.

Decided March 26, 1987.

Donald Gee, pro se.

Frederick J. Hess, U.S. Atty., East St. Louis, Ill., for respondent.

Before FLAUM, EASTERBROOK, and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

For some years, magistrates in the Southern District of Illinois have demanded that federal prisoners engaged in litigation growing out of the United States Penitentiary at Marion, Illinois, remain at Marion during the conduct of that litigation. One manifestation of the rule is a demand that a prisoner dismiss any pending case before he may be transferred to another prison. See *Geaney v. Carlson,* 776 F.2d 140 (7th Cir.1985), in which the court considered but ultimately did not decide a challenge to this rule. Another manifestation, which this case presents, is the requirement that a person housed in another federal prison, whose litigation causes him to be returned to Marion for testimony, stay there until the case is over. Donald Gee, the petition-er in this request for mandamus, was fetched to Marion on a writ of habeas corpus ad testificandum, and the magistrate will not allow him to go back to the penitentiary at Leavenworth, from which he came, until the case is over.

■ Marion is the most secure, and unpleasant, prison in the federal system. See *Caldwell v. Miller,* 790 F.2d 589 (7th Cir. 1986). Federal prisoners by and large want to be anywhere but Marion. The requirement that they remain at Marion during litigation—even if eligible for placement at other prisons—puts substantial pressure on them to drop litigation. It is a tax on all litigation, the justified and the frivolous alike. Magistrates in the Southern District of Illinois have justified their orders by reference to the costs and risks of transporting dangerous felons around the country as the case progresses. We do not doubt these advantages of holding people in Marion, or in general the prison closest to the site of the litigation. But any approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered authority to decide where to house federal prisoners. See *Miller v. Henman,* 804 F.2d 421 (7th Cir.1986); cf. *Ward v. United States Parole Commission,* 804 F.2d 64 (7th Cir.1986).

The initial question is not whether it is a good idea to hold prisoners at Marion during litigation, but *who shall decide* whether it is a good idea to keep them there. The Attorney General might independently reach the same conclusion as the magistrate, but he also might think it more important to free up space at Marion for other offenders, at the expense of incurring additional costs of transportation and taking the risk of escape. Deciding which prison is best for a given criminal is a complex task, not wholly compassed by considerations of transportation cost.

■ Gee says that the magistrate has usurped the authority of the Attorney Gen-

eral to decide where a prisoner shall be held, and on that account he believes that he is entitled to a writ of mandamus. He also believes that requiring him to stay at Marion puts a price on his access to the courts. His petition might present difficult questions concerning the permissible use of the writ of mandamus, as well as a hard issue concerning the interaction between the Attorney General's power under § 4082(b) and the authority of a court to place conditions on the writ of habeas corpus ad testificandum. We therefore asked the Department of Justice to inform us whether the Attorney General objects to the magistrate's order designating Marion as the place of Gee's confinement. The Department informs us that the Bureau of Prisons, the Attorney General's delegee, does not object. This dissolves all difficulties. So long as the Attorney General is satisfied with Gee's current location, there is no conflict between the desires of the judicial and executive branches. Were such a conflict to develop, we would have to decide which branch must prevail. In the absence of a conflict, Gee has no claim. He is now where the Attorney General wishes him to be and can ask for no more.

Gee's claim that the requirement that he remain at Marion abridges his access to the courts would be substantial if the Attorney General thought that penological considerations required Gee to be elsewhere and that the costs of transportation (if a trial should be necessary) were worth incurring, but the Attorney General does not believe this. Gee is at Marion for the purpose of testifying and finishing his case; we need not consider the problem that might be presented if a prisoner were detained at Marion for years while his case languished in a queue. Most cases are resolved without trial, and a requirement that a prisoner spend an extra two years at Marion as the price of a ruling on a motion for summary judgment could be a substantial burden. But a prisoner has no constitutional right to be held at the prison he finds most commodious, see *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), or to consume the time of a team of marshals transporting him around the country while the trial is imminent or under way. The petition for a writ of mandamus is

DENIED.