**Donald GEE, Plaintiff–Appellant,**

v.

**Clair CRIPE, et al.,
Defendants–Appellees.**

No. 87–2289.

United States Court of Appeals,
Seventh Circuit.

Argued June 6, 1988.
Decided July 21, 1988.

---

Howard B. Eisenberg, Carbondale, Ill., for plaintiff-appellant.

Richard H. Lloyd, Asst. U.S. Atty., Frederick J. Hess, U.S. Atty., East St. Louis, Ill., for defendants-appellees.

Before CUMMINGS, FLAUM and KANNE, Circuit Judges.

CUMMINGS, Circuit Judge.

Donald Gee, then an inmate in the federal penitentiary in Marion, Illinois, filed a civil rights complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 in the United States District Court for the District of Columbia alleging that various federal correctional officials had mistreated him at that institution. The case was subsequently transferred to the Southern District of Illinois because the claims arose there and the potentially liable defendants were to be found there.

In September 1986 Chief Judge Foreman referred the case to Magistrate Meyers for pre-trial proceedings. At that time, Gee was confined in the federal penitentiary in Leavenworth, Kansas. However, on January 7, 1987, he was returned to the Marion prison by writ of habeas corpus for a status conference before Magistrate Cohn. The matter was continued for 60 days for service of process upon defendants, but Magistrate Cohn ruled that under the court's transfer rule, Gee would have to remain in the Marion prison, allegedly the harshest in the federal system, until his case was finally concluded. (Plaintiff's App.G at 3–6).

The transfer rule was promulgated by Magistrate Meyers in 1982 and required federal prison inmates to remain in the Marion prison "so long as they have litigation pending" in the Southern District of Illinois. It directed the Bureau of Prisons "to obtain approval from the Court prior to transferring inmates who have litigation pending in this District to other institutions outside the District." (Plaintiff's App.H at 2–3). The rule is still in effect in that District.

In January 1987, Gee filed an emergency motion for relief from the transfer rule so that he could be returned to the Leavenworth prison. Later that month the motion was denied by Magistrate Cohn and a few months thereafter the Government filed its answer to the complaint and prayed for dismissal.

Next Gee moved to dismiss his action without prejudice on condition that he be transferred to the Leavenworth penitentiary. In June 1987, Magistrate Frazier held that the court had no authority to accept Gee's condition, thus causing plaintiff to file an unconditional motion to dismiss without prejudice. This motion was granted, with the magistrate explaining in his dismissal order that the court had no further purpose in detaining Gee in the Southern District of Illinois. Thereupon he was returned to the Leavenworth prison. He has appealed from the order dismissing his lawsuit. We reverse.

■ Last year we denied Gee's mandamus attack on the transfer rule because the Attorney General wanted him to remain in the Marion prison where he was then confined. *Matter of Gee*, 815 F.2d 41 (7th Cir.1987) (*"Gee I"*). There is no such showing in the present case, so that we must determine the validity of the transfer rule. Here, through Magistrate Cohn, a writ of habeas corpus issued in December 1986 causing Gee to be transferred from the Leavenworth prison to the Marion prison. Then under the transfer rule the court required him to remain in Marion *pendente lite*. As stated in *Gee I*, that order "puts

the judicial branch in charge of designating the place of confinement for a federal prisoner * * * [and] collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered authority to decide where to house federal prisoners." 815 F.2d at 42. Thus through the transfer rule the magistrate usurped the statutory authority of the executive branch to decide where prisoners should be held. Under this statute, Congress has given the Attorney General, rather than the courts, the power to transfer or not to transfer federal prisoners from one place of confinement to another at any time. *United States v. Dragna,* 746 F.2d 457, 458 (9th Cir.1984), certiorari denied, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327; *Brown–Bey v. United States,* 720 F.2d 467, 470 (7th Cir.1983); *Garza v. Miller,* 688 F.2d 480, 488 (7th Cir.1982), certiorari denied, 459 U.S. 1150, 103 S.Ct. 796, 74 L.Ed.2d 1000; *United States v. Huss,* 520 F.2d 598, 602 (2d Cir.1975). Considered as a rule of court, the transfer rule is also invalid under 28 U.S.C. § 2071 since it is inconsistent with an Act of Congress and was not promulgated in accordance with Rule 83 of the Federal Rules of Civil Procedure.

The Government's brief relies on a 1985 program statement of the Bureau of Prisons, but its language is plainly inapplicable to the proceeding before us.* Rule 23(a) of the Federal Rules of Appellate Procedure is of no avail either because it only applies to habeas corpus proceedings. Also, it has the force of a statute because Congress did not disapprove it after its promulgation. Similarly, Supreme Court Rule 41.1 is confined to habeas corpus proceedings and cannot justify this transfer rule which ap-

pears to be unique among all the federal judicial districts.

■ If Gee had not filed an unconditional motion to dismiss his lawsuit, the transfer rule would have required him to remain indefinitely in the Marion prison until his case was decided. The dismissal of his action was improperly predicated on this invalid transfer rule and cannot be deemed "voluntary" within the meaning of Rule 41(a) of the Federal Rules of Civil Procedure. Therefore his underlying action (CV No. 86–4239, S.D.Ill.) must be reinstated. If he chooses to pursue that action, he cannot be transferred back to the federal penitentiary at Marion, Illinois, on the basis of the transfer rule.

Dismissal order vacated; action reinstated.

---

* The statement provides as follows:

*Courts.* Complicated jurisdictional or legal problems must be resolved before transfer. Staff at the sending institution, ordinarily the Administrative Systems Manager, shall attempt to determine if an inmate has legal action pending in the District in which confined. If so, the individual is not to be transferred without prior consultation with the appropriate U.S. Attorney or Regional Counsel, or both. Under Rule 23(a) of the Federal Rules of Appellate Procedure, an inmate may not be transferred, pending review of a *Habe-*

*as Corpus* proceeding commenced before a court, without the approval of the court. Approval for transfer should be sought through the U.S. Attorney or Regional Counsel in cases where a *Habeas Corpus* petition is pending. United States Bureau of Prisons' Program Statement 5100.2, Security Designation and Custody Classification—Sec. 12, Page 23, Subsection 12(c). This statement is not contained in the Code of Federal Regulations and its legal effect is uncertain. See *Miller v. Henman,* 804 F.2d 421, 426–427 (7th Cir.1986); *Floyd v. Henderson,* 456 F.2d 1117, 1119 (5th Cir.1972).