**Augusto Guillermo FALCON, Petitioner,**

v.

**Joel H. KNOWLES, etc., Respondent.**

**No. 92–1937 CIV.**

United States District Court,
S.D. Florida.

Oct. 22, 1992.

**1532**

Benson B. Weintraub, Benson B. Weintraub, P.A., Miami, FL, for petitioners.

Robert K. Senior, U.S. Attorney's Office, Miami, FL, for respondent.

## ORDER DENYING PETITIONERS' EMERGENCY MOTION TO TRANSFER

BROWN, United States Magistrate Judge.

THIS MATTER is before this court on Petitioners' Emergency Motion to Transfer.[1] This court has reviewed the Emergency Motion, the Supplemental Emergency Motion, the Notice of Filing from the attorney for petitioner Lorenzo, the exhibits and materials attached thereto, the government's response and the petitioner's reply.

## FACTS

Petitioner Falcon seeks habeas corpus relief based upon alleged constitutional violation of his rights occurring while he was detained at the Metropolitan Correctional Center (hereinafter referred to as MCC) in Miami, Florida. While that petition was pending Hurricane Andrew struck. All prisoners at MCC were moved to other facilities for safety reasons.[2] The petitioner along with the other 2 persons seeking to be petitioners herein were moved to the Federal Correctional Institute in Talladega, Alabama (hereinafter referred to as FCI). They were among several detainees moved to that facility.

Petitioner has filed a Motion to Amend Petition seeking supplemental relief as a result of alleged violation of constitutional rights occurring at FCI. This petition also seeks to add two additional detainees.

As a result of the alleged constitutional infirmities occurring at FCI, the petitioners have filed an Emergency Motion requesting that this court immediately transfer the petitioners to the Federal Detention Center in Tallahassee, Florida. Their reasons for seeking this transfer are the aforementioned alleged constitutional deprivations currently being visited on the petitioner and the proposed additional petitioners.

■ 18 U.S.C. § 4001(b) vests control of the Federal Penal Correctional Institutions in the Attorney General. This power includes the power to classify the inmates. As pointed out by the government in its response, no authority was cited to this court by the petitioners wherein a district court has ordered transfer under circumstances such as those alleged herein. (page 8 of government's response). Indeed, this court has not been able to uncover any authority substantiating the right of petitioner to address the court for transfers under circumstances such as these.

It is clear to this court that the transfer of the petitioners to FCI was a purely administrative decision based upon the natural disaster about to occur in Miami, Florida. These three petitioners were not the only ones transferred to FCI, and there is no information before this court that suggests, in any way, shape or form, that this

---

1. While a ruling is pending on Petitioner's Motion for Leave to Amend and Supplement Petition, this order is applicable to all 3 petitioners in the event said motion is subsequently granted.

2. In fact MCC sustained substantial damage as a result of the hurricane and it will be some time before that facility is operational.

was a punitive transfer. Indeed petitioners argument in support of transfer to Tallahassee is not because of punitive motives surrounding the transfer to FCI, but as a result of alleged constitutional deprivations occurring to the petitioners once they arrived.

Numerous courts have held that it is the responsibility of the Attorney General and not the courts to designate the placement of a prisoner. *See* e.g. *Holland v. Ciccone,* 386 F.2d 825 (8th Cir.1968). That court suggested that unless something arbitrary or capricious can be shown in the transfer of the prisoner, the court is without jurisdiction to interfere. This court finds nothing in the record before it to suggest that the transfer of the petitioners to FCI was arbitrary and capricious.

The Fifth Circuit found a distinction between transfers that occurred as a result of behavior of the prisoner while incarcerated versus administrative transfers. *See* e.g. *United States v. Henderson,* 526 F.2d 889 (5th Cir.1976)[3]. As that court noted, "even though a serious disadvantage may accompany even an administrative transfer, the practical necessities of prison administration require that the administrative decision to transfer an inmate remain within the sound discretion of prison authority". *Id.* at 896. The court went on to analogize the transfer which occurs for non-disciplinary reasons to the initial determination of the placement of a prisoner which is "almost wholly confided in the Attorney General." *Id.* at 897.

No law has been cited to this court placing pretrial detainees in any other position than that of convicted prisoners as it pertains to the issue of transfer of prisoners. This is not to ignore the body of case law giving pretrial detainees constitutional rights that may differ from those of a convicted prisoners. However, the habeas corpus procedure is more than adequate to deal with those rights, and can successfully accomplish this purpose (if they are being denied or abused) without the necessity of the courts becoming administrators for the prison system.

The designation of a prisoner to a place of confinement is entirely within the discretion of prison authorities. *See* e.g. *Garza v. Miller,* 688 F.2d 480 (7th Cir. 1982), *cert. denied,* 459 U.S. 1150, 103 S.Ct. 796, 74 L.Ed.2d 1000 (1983). As other courts have noted, "any approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the attorney general unfettered authority to decide where to house federal prisoners." *Matter of Gee,* 815 F.2d 41 (7th Cir.1987).

This court finds that there is nothing before it upon which to conclude that prison officials have purposely and intentionally discriminated against the petitioners herein as it regards the transfer from MCC to FCI. See *Garza,* supra., 688 F.2d 480, 488.

It is therefore ORDERED AND ADJUDGED that Petitioners' Emergency Motion to Transfer them to FDC—Tallahassee be and the same is hereby DENIED. Petitioners' Motion for Emergency Hearing regarding this matter is likewise DENIED.

DONE AND ORDERED.

---

**3.** Cases decided by the 5th Circuit prior to October 1, 1981 are binding in the 11th Circuit. See

*Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).