986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Daniel E. BIFIELD, Petitioner/Appellant,
v.
Gary L. HENMAN, Respondent/Appellee.
 No. 91-2634.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 2, 1993.*
Decided Feb. 11, 1993.
 
 Before POSNER and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Daniel Bifield, a federal prisoner[1], brought this action for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he was deprived of his right to due process as a result of a prison disciplinary proceeding. The district court found that Bifield had not been denied due process and granted summary judgment to the respondent. We affirm.
 
 
 2
 A prisoner is entitled to the protections of due process if he has been deprived of a "liberty interest" as the result of the disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539 (1974). The Institutional Disciplinary Committee ("IDC") found that Bifield committed extortion, an offense of the "greatest severity," and sanctioned him 60 days forfeited statutory good time, 30 days disciplinary segregation, and a recommended disciplinary transfer. He has a liberty interest in the loss of his good time credits, Jackson v. Carlson, 707 F.2d 943, 947 (7th Cir.), cert. denied, Yeager v. Wilkinson, 464 U.S. 861 (1983). Thus, Bifield was entitled to the protections of the Due Process Clause.
 
 
 3
 The minimum requirements for due process in the context of prison disciplinary hearings were established in Wolff v. McDonnell. 418 U.S. 539. Among them is the limited right to call witnesses "when it will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. Bifield claims that although his wife was ready to testify on his behalf, the IDC refused to allow him to call witnesses. The record before us clearly indicates that when Bifield was given notice of the charges against him, he declined to call witnesses. (R. at 14, Gov't Exhibit 2).
 
 
 4
 Bifield argues that he did not know who to call as witnesses because the charges were based on information from confidential sources. He also argues that his questions to the confidential informants should have been submitted so that he might have the opportunity to impeach the statements of the informants. A prisoner does not have the right to confront and cross-examine witnesses at a disciplinary hearing. Wolff, 418 U.S. at 567. In Wolff the court recognized the high risk of reprisal present if prisoners were allowed to discover the identity of their accusers. Id. at 568. The anticipated answers to Bifield's proposed questions could have revealed the identity of the confidential informants, thereby threatening prison security.
 
 
 5
 Bifield also contests his inability to see the contents of the confidential file and challenge its reliability. Prisoners are not entitled to the contents of confidential files. Rasheed-Bey v. Duckworth, 969 F.2d 357 (7th Cir.1992). As long as the prisoner received adequate notice of the charges against him, the materials made available to him do not even have to indicate the identity of the victim. See Jackson, 707 F.2d at 948. Although the disciplinary committee must determine whether there is "some indication of reliability of confidential informants," the committee is not required to state specifically the factual basis for its finding of reliability. Mendoza v. Miller, 779 F.2d 1287, 1293-1294 (7th Cir.1985), cert. denied, 476 U.S. 1142 (1986). The inquiry into the reliability of the confidential information must be "compatible with prison security and not expose the informants to undue risk." Wells v. Israel, 854 F.2d 995, 999 (7th Cir.1988). Reliability may be established by "in camera material documenting the investigator's assessment of the credibility of the confidential informant." Mendoza, 779 F.2d at 1293. The court may then examine the material in camera to verify the informant's reliability. McKinney v. Meese, 831 F.2d 728, 731 (7th Cir.1987).
 
 
 6
 The IDC made a written determination that the confidential information was reliable due to "the peculiar circumstances of the incident, first hand information, and independent factual information." The district court then reviewed the confidential material in camera and found that the physical evidence and surrounding circumstances supported the reliability of the confidentially obtained information. We too have examined the confidential material and are satisfied with its reliability.
 
 
 7
 Bifield alleges that the charges against him were "fabricated" and part of a conspiracy against him. We find no evidence in the record to support this charge. Once the disciplinary committee has followed the procedural protections of Wolff, the federal court may review only the committee's statement of evidence to insure that the committee's findings are supported by "some facts." Hanrahan v. Lane, 747 F.2d 1137 (7th Cir.1984); see Superintendent v. Hill, 472 U.S. 445, 455 (1985) ("the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board"). The IDC relied primarily on reliable confidential information and the money orders addressed to Bifield, noting that the identity of the confidential informant(s) was known to the DHO but could not be released without endangering the safety of the informer(s). Without conducting a de novo review of the committee's factual findings, see Id. at 1140, we agree that there was sufficient evidence for the IDC to find that Bifield committed extortion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Bifield was incarcerated at the United States Penitentiary at Marion, Illinois, at the time he filed his petition for writ of habeas corpus, and he properly named Gary Henman, the warden at U.S.P.-Marion, as the respondent. Since then Bifield has been transferred to the United States Penitentiary at Lompoc, California, and Gary Henman is no longer his custodian. The respondent could have filed a motion under Fed.R.App.P. 23 requesting authorization for the transfer and substituting the warden at U.S.P.-Lompoc for the warden at U.S.P.-Marion. Ward v. United States Parole Comm'n, 804 F.2d 64 (7th Cir.1986); see Joiner v. Henman, 902 F.2d 1251, 1252 n. 2 (7th Cir.1990). Fed.R.App.P. 23 forbids a transfer of custody without the permission of the court during the pendency of a habeas corpus suit. A transfer in violation of Rule 23 does not divest this court of jurisdiction. Reimnitz v. State's Att'y of Cook County, 761 F.2d 405 (7th Cir.1985). If we were to reverse the district court's denial of the writ of habeas corpus, we would first notify Bifield's present custodian, but that will not be necessary here. Id. at 409