101 F.3d 704
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gilbert W. GALVAN, Petitioner-Appellant,
v.
John M. HURLEY, Respondent-Appellee.
 No. 95-2732.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1996.*
Decided Nov. 14, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Gilbert W. Galvan appeals from the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Upon consideration of the briefs and the record, we conclude that the district court correctly explained why the delay prior to Galvan's parole revocation hearing did not violate due process. Memorandum and Order of July 12, 1995 at 3-4. We need only address additional two points raised by Galvan.
 
 
 2
 Galvan alleges a violation of 18 U.S.C. § 4214(c) and the corresponding regulation 28 U.S.C. § 2.49(e),[1] which provide for a parole revocation hearing within ninety days of the retaking of the parolee on a violation warrant. Unless due process was violated by the delay, though, the sanction for exceeding the ninety-day time limit is not to release the prisoner from custody, but rather to compel the hearing. See Hanahan v. Luther, 693 F.2d 629, 634 (7th Cir.1982), cert. denied, 459 U.S. 1170 (1983); Bryant v. Grinner, 563 F.2d 871, 872 (7th Cir.1977) (dictum); Sutherland v. McCall, 709 F.2d 730, 732 (D.C.Cir.1983); Northington v. United States Parole Comm'n, 587 F.2d 2 (6th Cir.1978); Smith v. United States, 577 F.2d 1025 (5th Cir.1978). Galvan has already received his hearing; and because the pre-hearing delay did not violate due process, the apparent violation of 18 U.S.C. § 4214(c) and 28 C.F.R. § 2.49(e) does not supply grounds for a writ of habeas corpus.
 
 
 3
 Galvan also argues that the government failed to disclose the information it had compiled regarding his Canadian criminal history. See 18 U.S.C. § 4214(a)(2)(D); 28 C.F.R. § 2.50(d). According to the official summary of the revocation hearing, "[i]nformation indicates that [Galvan] traveled to Canada and apparently committed several armed robberies as well as firearms offenses, but no information regarding these charges or possible convictions [is] available." Nothing in the record suggests that the Parole Commission relied upon this sketchy information to revoke parole or to reach a sentencing determination. Instead, the Parole Commission relied upon the evidence of Galvan's many prior offenses committed in the United States. Thus, Galvan cannot show prejudice from the failure to disclose information about his Canadian criminal history.
 
 
 4
 Lastly, Galvan contends that the district court should have granted his motion for summary judgment because he was released from the appellee's custody into the custody of the state of Michigan while his habeas petition was pending.[2] However, as a federal prisoner, Galvan remained in the custody of the federal government until the end of his sentence, and his transfer to and from a state jail for the purpose of a state sentencing proceeding did not affect that custody. See 18 U.S.C. § 4082(b); Goodman v. Keohane, 663 F.2d 1044, 1047 (11th Cir.1981) (per curiam); cf. 18 U.S.C. § 4210(a).[3] Also, because a court does not lose jurisdiction if a prisoner is transferred without compliance with Fed.R.App.P. 23(a), Ward v. United States Parole Comm'n, 804 F.2d 64, 66 (7th Cir.1986), such a transfer would not entitle a prisoner to habeas relief, Goodman, 663 F.2d at 1047-48.
 
 
 5
 The judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The statutes and regulations referred to in this order apply to prisoners convicted for offenses committed before November 1, 1987, such as Galvan
 
 
 [2]
 The appellee's brief suggests that Galvan might also be complaining about his transfer from the Federal Correctional Institution in Raybrook, New York, to the Federal Correctional Institution in Oxford, Wisconsin, while his habeas petition was pending. However, we see no hint of such a contention either in Galvan's opening brief or in his reply brief
 
 
 [3]
 Galvan adds a claim in his reply brief that the Attorney General failed to pay for his room, board, and medical expenses. By raising this issue for the first time in his reply brief, he has waived it. Brooks v. United States, 64 F.3d 251, 257 (7th Cir.1995) (citation omitted)