# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2768

_____

James Walter Olds, II,                    *
                                          *
              Appellant,                  *
                                          *
Robert A. McCormick; Mark D. Clark;       *
Larry Wade; Jackie Loyd Carr; Keith       *
Matthew Warren; Ronald Lee Boley;         *
Scott A. Gray; Mario C. Reyes; John       *   Appeal from the United States
Carl Martinez,                            *   District Court for the
                                          *   District of Minnesota
              Intervenor Plaintiffs,      *
                                          *      [UNPUBLISHED]
        v.                                *
                                          *
Hoyt A. Brill,                            *
                                          *
              Appellee.                   *

_____

Submitted:   January 5, 2000
     Filed:   January 25, 2000

_____

Before McMILLIAN, BRIGHT, and MURPHY, Circuit Judges.

_____

PER CURIAM.

James W. Olds, II, a prisoner formerly incarcerated in Minnesota and currently incarcerated in Colorado, appeals from the final judgment entered in the District Court[1] for the District of Minnesota, dismissing with prejudice his 28 U.S.C. § 2241 petition. We dismiss the appeal as moot.

In November 1997, Olds filed a § 2241 petition, contesting his transfer from Colorado to a private prison in Minnesota and requesting that the warden of the Minnesota prison be ordered to release him from custody. In January 1999, while his appeal was pending, Olds informed us that he has been transferred from Minnesota back to Colorado and moved under Fed. R. App. P. 27, claiming his retransfer while his § 2241 petition was pending violated Fed. R. App. P. 23 (person having custody of prisoner whose habeas petition is pending review shall not transfer custody to another, unless transfer is approved by court). In April 1999, we granted Olds a certificate of appealability on the sole issue of whether he was imprisoned in Minnesota without authority and appointed him counsel.

In May, his appointed counsel asserted that Olds's transfer from Minnesota to Colorado made the appeal moot. Olds moves to relieve his counsel and for an evidentiary hearing. In addition, an individual named R.A. O'Donnell has moved to be joined in Olds's appeal.

We conclude Olds's § 2241 petition is now moot: he is no longer incarcerated in Minnesota and his requested relief is thus no longer available. See Preiser v. Newkirk, 422 U.S. 395, 401-03 (1975) (state prisoner's claim that transfer without hearing from medium security to maximum security prison was moot when prisoner was returned to medium security prison and later transferred to minimum security

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

prison); <u>Harper v. Ciccone</u>, 434 F.2d 247, 248 (8th Cir. 1970) (per curiam) (prisoner's attack on confinement in Missouri was moot after he was transferred to where he claimed he should have been--California), <u>cert. denied</u>, 402 U.S. 911 (1971).

As to the pending motions on appeal, we deny Olds's January 1999 motion asserting that he was illegally retransferred to Colorado, because his transfer while his petition was pending does not entitle him to habeas relief. <u>See</u> <u>Goodman v. Keohane</u>, 663 F.2d 1044, 1047-48 (11th Cir. 1981) (per curiam) (concluding that, although petitioner was transferred from Florida to Indiana in violation of Rule 23, mere violation of rule did not entitle petitioner to habeas relief). We grant Olds's motion to relieve his appointed counsel and deny as moot his motion for an evidentiary hearing. We deny O'Donnell's motion to intervene in this appeal.

Accordingly, we dismiss the appeal as moot.

A true copy.

      Attest:

         CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.