

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2007

# Kennedy v. Warden Allenwood

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3786

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Kennedy v. Warden Allenwood" (2007). *2007 Decisions.* Paper 1600.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1600

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-118                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3786
_____

JIMMIE LEE KENNEDY,

Appellant

v.

WARDEN, USP ALLENWOOD
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-01208)
District Judge: Honorable Yvette Kane
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 8, 2007

Before:    SLOVITER, CHAGARES AND NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed February 16, 2007)
_____

OPINION
_____

PER CURIAM

Jimmie Lee Kennedy, convicted by jury in the United States District Court for the

District of Columbia for robbery and weapons offenses, is serving his sentence at FCI-

Allenwood.  In the United States District Court for the Middle District of Pennsylvania,

he filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

As he unsuccessfully argued in his direct appeal, see United States v. Kennedy, 133 F.3d 53, 55 (D.C. Cir. 1998), Kennedy claimed in his petition that the Government failed to show service of the information beyond a reasonable doubt. He also argued the following: (1) he is "actually, factually innocent of his life sentence"; (2) he is actually innocent of the crimes charged in the indictment; (3) he suffered a miscarriage of justice at sentencing; (4) there were irregularities and improprieties in the indictment; (5) the District of Columbia District Court lacked jurisdiction over District of Columbia crimes; (6) the District Court improperly enhanced his sentence; (7) his right of confrontation was denied; (8) he suffered a miscarriage of justice "with respect to the unconstitutionality of armed career and career offender act and statute" in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005); (9) the application of 18 U.S.C. § 3559(c) is fundamentally unfair and unconstitutional; (10) his trial and appellate counsel rendered ineffective assistance of counsel; (11) the District Court improperly instructed the jury; and (12) "a life sentence on counts one through four were unauthorized under The Hobbs Act and 924 (c) counts under 18 usc § 3559 (c)."

The District Court, concluding that Kennedy had raised the same claims in his first § 2241 motion, held that its earlier analysis, see Kennedy v. USP Allenwood Warden, No. 05- 2561, 2006 WL 126984 (M.D. Pa. Jan. 17, 2006), applied. Specifically, the District Court noted that it had dismissed the earlier petition because Kennedy had not shown that

2

28 U.S.C. § 2255 was an inadequate or ineffective remedy. The District Court further stated that there was no evidence that Kennedy had pursued further relief in the sentencing court through a § 2255 motion or otherwise. Accordingly, on July 28, 2006, the District Court dismissed Kennedy's second § 2241 petition as it had dismissed his first – without prejudice to Kennedy's right to seek authorization in the appropriate court of appeals to file a second or successive § 2255 motion.

Kennedy filed a motion for reconsideration, arguing that he had evidence that he had sought relief in the sentencing court. He showed that he had filed an § 2244 application for leave to file a second or successive § 2255 motion and that the United States Court of Appeals for the District of Columbia had denied it. While his motion for reconsideration was pending, he instituted this appeal by filing a notice of appeal. By order of the Clerk, Kennedy's appeal was stayed pending resolution of the motion for reconsideration. On October 26, 2006, the District Court granted Kennedy's motion for reconsideration and vacated its order of July 28, 2006.

Also on October 26, 2006, the District Court reconsidered the § 2241 petition in an "amended order," noting Kennedy's unsuccessful § 2244 application, but again dismissing Kennedy's petition. The District Court explained that Kennedy's personal inability to file another § 2255 motion was not enough to show that the § 2255 remedy was inadequate or ineffective. Kennedy filed another motion for reconsideration and another notice of appeal. He captioned the notice of appeal as an "amended notice of appeal," and specified therein that he appealed from the October 26, 2006 order

3

dismissing his petition. Shortly thereafter, on November 15, 2006, the Clerk of this Court sent a letter to the District Court Clerk, notifying the District Court that the new notice of appeal would be considered an amendment in the above-captioned case and no new appeal would open. By Clerk's order dated November 16, 2006, this case was stayed pending resolution of Kennedy's second motion for reconsideration. On January 18, 2007, the District Court denied the motion, so we now consider Kennedy's appeal.

We will affirm the District Court's October 26, 2006 order dismissing Kennedy's petition because no substantial question is presented on appeal.[1] See Local Appellate Rule 27.4; I.O.P. 10.6. The District Court was without jurisdiction to consider Kennedy's claims under 28 U.S.C. § 2241. As the District Court concluded, Kennedy cannot bring his claims under § 2241, because a motion to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255 is not "inadequate or ineffective." 28 U.S.C. § 2255.

Section 2255 has been considered inadequate and ineffective for a petitioner convicted and imprisoned for conduct since deemed not to be criminal. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). However, § 2255 is not inadequate or ineffective just because a petitioner, like Kennedy, whose § 2244 application was denied by a court of appeals, is unable to meet its stringent gatekeeping requirements. See id.

Kennedy does not make a claim that fits under the In re Dorsainvil exception. In

---

[1]We note that any appeal of the order identified in Kennedy's first notice of appeal is moot in light of the District Court's order granting Kennedy's motion for reconsideration and vacating its order of July 28, 2006.

particular, we note that we have held that § 2255 is not an inadequate or ineffective way to bring claims based on Apprendi. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002). Moreover, claims under Blakely and Booker are not sufficiently distinguishable from a claim under Apprendi to meet the In re Dorsainvil exception and permit Kennedy to seek relief under § 2241. Cf. Okereke, 307 F.3d at 120-21. Also, success on his other claims would not undermine the criminality of Kennedy's conduct. See In re Dorsainvil, 119 F.3d at 251.

In sum, because the District Court did not err in dismissing Kennedy's petition, the District Court's order will be affirmed.

5