

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2007

# Kennedy v. Warden Allenwood

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1794

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Kennedy v. Warden Allenwood" (2007). *2007 Decisions.* Paper 1071.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1071

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-216                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1794
_____

JIMMIE LEE KENNEDY,

Appellant

v.

WARDEN, USP ALLENWOOD
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-1208)
District Judge: Honorable Yvette Kane
_____

Submitted For Possible Dismissal Due to Lack of Timely Filing,
Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 3, 2007

Before: SLOVITER, CHAGARES AND GREENBERG, <u>CIRCUIT JUDGES</u>

(Filed May 23, 2007)

_____

OPINION
_____

PER CURIAM

     Jimmie Lee Kennedy was convicted by jury in the United States District Court for

the District of Columbia for robbery and weapons offenses.  When he filed his second

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States

District Court for the Middle District of Pennsylvania, he was serving his sentence at

FCI-Allenwood.[1]

As he unsuccessfully argued in his direct appeal, see United States v. Kennedy,

133 F.3d 53, 55 (D.C. Cir. 1998), Kennedy claimed in his petition that the Government

failed to show service of the information beyond a reasonable doubt.  He also argued the

following:  (1) he is "actually, factually innocent of his life sentence"; (2) he is actually

innocent of the crimes charged in the indictment; (3) he suffered a miscarriage of justice

at sentencing; (4) there were irregularities and improprieties in the indictment; (5) the

District of Columbia District Court lacked jurisdiction over District of Columbia crimes;

(6) the District Court improperly enhanced his sentence; (7) his right of confrontation was

denied; (8) he suffered a miscarriage of justice "with respect to the unconstitutionality of

armed career and career offender act and statute" in light of Apprendi v. New Jersey, 530

U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v.

Booker, 543 U.S. 220 (2005); (9) the application of 18 U.S.C. § 3559(c) is fundamentally

unfair and unconstitutional; (10) his trial and appellate counsel rendered ineffective

assistance of counsel; (11) the District Court improperly instructed the jury; and (12) "a

---

[1]Without applying to this Court for permission to do so, the Bureau of Prisons recently transferred Kennedy to a federal prison in Indiana.  Nonetheless, we retain jurisdiction over this appeal.  See Goodman v. Keohane, 663 F.2d 1044, 1047 (11th Cir. 1981) (holding that transfers in violation of Rule 23 of the Federal Rules of Appellate Procedure do not divest a reviewing court of jurisdiction); cf. Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004); Ex parte Endo, 323 U.S. 283, 307 (1944)).

2

life sentence on counts one through four were unauthorized under The Hobbs Act and 924 (c) counts under 18 usc § 3559 (c)."

The District Court, concluding that Kennedy had raised the same claims in his first § 2241 motion, held that its earlier analysis, see Kennedy v. USP Allenwood Warden, No. 05- 2561, 2006 WL 126984 (M.D. Pa. Jan. 17, 2006), applied. Specifically, the District Court noted that it had dismissed the earlier petition because Kennedy had not shown that 28 U.S.C. § 2255 was an inadequate or ineffective remedy. The District Court further stated that there was no evidence that Kennedy had pursued further relief in the sentencing court through a § 2255 motion or otherwise. Accordingly, on July 28, 2006, the District Court dismissed Kennedy's second § 2241 petition as it had dismissed his first – without prejudice to Kennedy's right to seek authorization in the appropriate court of appeals to file a second or successive § 2255 motion.

Kennedy filed a motion for reconsideration, arguing that he had evidence that he had sought relief in the sentencing court. He showed that he had filed an § 2244 application for leave to file a second or successive § 2255 motion and that the United States Court of Appeals for the District of Columbia had denied it. While his motion for reconsideration was pending, he instituted an appeal by filing a notice of appeal. By order of the Clerk, Kennedy's appeal was stayed pending resolution of the motion for reconsideration. On October 26, 2006, the District Court granted Kennedy's motion for reconsideration and vacated its order of July 28, 2006.

Also on October 26, 2006, the District Court reconsidered the § 2241 petition in an

3

"amended order," noting Kennedy's unsuccessful § 2244 application, but again dismissing Kennedy's petition. The District Court explained that Kennedy's personal inability to file another § 2255 motion was not enough to show that the § 2255 remedy was inadequate or ineffective. Kennedy filed another motion for reconsideration and another notice of appeal. He captioned the notice of appeal as an "amended notice of appeal," and specified therein that he appealed from the October 26, 2006 order dismissing his petition. Shortly thereafter, on November 15, 2006, the Clerk of this Court sent a letter to the District Court Clerk, notifying the District Court that the new notice of appeal would be considered an amendment in the above-captioned case and no new appeal would open. By Clerk's order dated November 16, 2006, this case was stayed pending resolution of Kennedy's second motion for reconsideration. On January 18, 2007, the District Court denied the motion.

We subsequently considered Kennedy's appeal and summarily affirmed the District Court's October 26, 2006 order dismissing Kennedy's petition. See Kennedy v. Warden, USP Allenwood, C.A. No. 06-3786 (3d Cir. Feb. 16, 2007) (non-precedential opinion). Briefly stated, the District Court was without jurisdiction to consider Kennedy's claims under 28 U.S.C. § 2241. Kennedy could not proceed under § 2241 because a motion to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255 was not "inadequate or ineffective." 28 U.S.C. § 2255.

After we ruled on Kennedy's appeal of the October 26, 2006 order, Kennedy timely filed this appeal of the January 18, 2007 order denying his motion for

4

reconsideration.  The Government asks that we summarily dismiss this appeal, contending that we have already affirmed the order at issue.  We did not previously consider the January 18, 2007 order.  <u>See</u> Fed. R. App. P. 4(B)(ii).  Accordingly, we deny the Government's motion.

Nonetheless, we will dismiss Kennedy's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Kennedy's appeal is without merit in fact or law.  Not only did he present no basis for reconsideration of the District Court's October 26, 2006 order, but he also filed his appeal of the order denying the motion for reconsideration after we had explained to him why the October 26, 2006 order was correct.