**John A. VLADOVIC, Appellant,**

v.

**James PARKER, Warden, McNeil Island Penitentiary, Appellee.**

**No. 71-2177.**

United States Court of Appeals, Ninth Circuit.

Feb. 17, 1972.

Rehearing Denied March 9, 1972.

John A. Vladovic, in pro. per.

Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before KOELSCH, ELY and TRASK, Circuit Judges.

PER CURIAM:

Vladovic, a federal prisoner, sought habeas relief in the District Court. His Petition was denied in an Order filed by District Judge Boldt and in pertinent part, reading as follows:

"Petitioner, an inmate at McNeil Island Penitentiary, has filed with the Clerk of this Court a Petition for Writ of Habeas Corpus. The Court issued a Show Cause Order and the respondent, through the United States Attorney, has responded.

"On September 27, 1954 petitioner was sentenced to a term of eighteen years by the United States District Court for the Central District of California. Petitioner was paroled on September 26, 1962. Petitioner was arrested on a charge of bank robbery on November 14, 1963. On November

---

15, 1963 a parole revocation warrant was issued. On February 26, 1964 petitioner was sentenced to ten years on the 1963 bank robbery. On May 24, 1967, while he was still serving the 1964 sentence, the parole violation warrant was served and executed. Petitioner contends that it was improper to have delayed the execution of the warrant and, therefore, he is entitled to credit on his 1954 sentence for time served between November 15, 1963 when the parole revocation warrant was issued and May 24, 1967 when the warrant was executed.

"Petitioner relies heavily upon United States [ex rel. Vance] v. Kenton, 252 F.Supp. 344 (D.C.Conn.1966) and Shelton v. United States Board of Parole [128 U.S.App.D.C. 311], 388 F.2d 567 (C.A.D.C.1967). Respondent's Memorandum of Points and Authorities considers these cases and successfully distinguishes them from the present case.

"The law is clear that it is well within the power of the Parole Board to withhold execution of a parole violation warrant until the term of the intervening sentence has completely expired. In Jefferson v. Willingham, 366 F.2d 353 (10th Cir. 1966), cert. den. 385 U.S. 1018 [87 S.Ct. 744, 17 L.Ed.2d 554], the Court stated:

> " 'When a person on parole is arrested on another charge, the parole board is not required to execute its warrant immediately; the warrant may be held in abeyance until the intervening charge is disposed of. The time spent in confinement as a result of this new charge does not affect the prisoner's antecedent obligation to complete the existing sentences when a parole has been violated. Zerbst v. Kidwell, 304 U. S. 359 [58 S.Ct. 872, 82 L.Ed. 1399]; Woykovsky v. Chappell [119 U.S.App.D.C. 8], 336 F.2d 927, cert. den. 380 U.S. 916 [85 S.Ct. 903, 13

L.Ed.2d 801]; Groce v. Hudspeth, *supra* [10 Cir., 121 F.2d 800].'

"Clearly, petitioner's contention is without merit. Accordingly, it is hereby

"ORDERED that Petition for Writ of Habeas Corpus be and the same is hereby dismissed and the relief prayed for therein denied."

We are convinced that the District Court reached the correct conclusion; hence, its Order is

Affirmed.