**Frederick E. HOPPER,**
**Petitioner-Appellant,**

v.

**UNITED STATES PAROLE COMMIS-**
**SION, Respondent-Appellee.**

No. 82–5423.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 30, 1982.

Decided April 1, 1983.

Frederick E. Hopper, pro. per.

Daniel J. Broderick, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellee.

Before CHOY, ALARCON, and CANBY, Circuit Judges.

CHOY, Circuit Judge:

Frederick Hopper appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Hopper contends that the United States Parole Commission (USPC) erred in: (1) failing to credit to his remaining federal sentence the time he spent in state pretrial custody due to a federal detainer; and (2) failing to permit him to serve concurrent sentences. Hopper further contends that he was denied his right to a timely revocation hearing: (a) under constitutional due process requirements; (b) under the Interstate Agreement on Detainers Act (IADA); and (c) under 18 U.S.C. §§ 4213 and 4214.

We affirm the denial of Hopper's petition.

I

In 1976 Hopper was convicted in the United States District Court for the District of Nevada for possessing stolen bank funds, conspiracy, aiding and abetting escape, and false statements before a grand jury. He was paroled in May 1979 with supervision to extend through May 18, 1982. In May 1980, California state authorities arrested Hopper for armed robbery. Because Hopper was unable to pay the bail set by the state authorities, he remained in state custody.

Shortly after Hopper's arrest, the USPC issued a parole violator warrant for him. The warrant was subsequently lodged as a detainer with the state police on May 19, 1980. Six months later, a California state court convicted Hopper on the robbery charge and sentenced him to seven years in state prison.

The Regional Parole Commission received its first notice of Hopper's state incarceration on December 15, 1980. In March 1981, Hopper requested a transfer to federal custody pursuant to the IADA, and the California Corrections Department offered to transfer Hopper if the Regional Parole Commission so desired. The Parole Commissioner responded that Hopper's case was scheduled for review in June 1981. Upon review, a case analyst recommended that Hopper remain in California with the detainer in place.

Effective August 31, 1981, USPC procedures require a parole revocation hearing upon the prisoner's return to a federal institution or completion of 24 months in confinement on the state charge, whichever is earlier. 28 C.F.R. § 2.47(b)(1)(a) (1982).[1] On November 18, 1981, Hopper wrote the Parole Commission, protesting the delay in his parole revocation hearing. He then filed his petition for habeas corpus on December 14, 1981.

## II

■ Hopper raises a number of arguments to support his contention that the USPC must credit the time he spent in state pretrial custody to his remaining federal sentence. Hopper also contends that, by refusing physical custody of him, the USPC has imposed consecutive sentences in violation of the Double Jeopardy Clause.

We need not address the merits of these contentions, for they are premature. The USPC has not yet held a parole revocation hearing. At such a hearing, the USPC may decide that the time Hopper spent in pretrial custody should be credited to his federal sentence. The USPC also has the power to allow, retroactively, the federal sentence to run concurrently with Hopper's state sentence. *See* 18 U.S.C. §§ 4211, 4214(d); 28 C.F.R. §§ 2.21(b)(3), 2.47(d) (1982).

## III

The critical issue, then, is whether the USPC has failed to hold a timely hearing on Hopper's parole revocation and thereby entitled Hopper to habeas relief. Hopper raises three arguments supporting his contention that the USPC failed to give him a timely hearing.

### A. Constitutional Rights

Hopper contends that he was denied his constitutional due process right to a timely revocation hearing. In *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), the Court held that there is no constitutional right to a prompt parole revocation hearing where the parolee is serving an independent intervening sentence in the same jurisdiction. The Court expressly reserved the question whether the result would be different had the federal parole violator warrant been lodged as a detainer with state prison authorities. *Id.* at 88, 97 S.Ct. at 279.

■ We need not reach the issue. In order to make out a constitutional claim, Hopper must show that the delay in the parole revocation hearing was both unreasonable and prejudiced his rights. *See United States v. Wickham,* 618 F.2d 1307, 1311 (9th Cir.1979); *Reese v. United States Board of Parole,* 530 F.2d 231, 235 (9th Cir.), *cert. denied,* 429 U.S. 999, 97 S.Ct. 525, 50 L.Ed.2d 609 (1976). Hopper has shown no prejudice in this case. Any claim that he is entitled to serve concurrent sentences is not yet ripe. Hopper has not contended that, over time, the loss of evidence relevant to show mitigating circumstances for the federal parole revocation hearing would cause him harm. The only other prejudice Hopper mentions, but without any specificity, is the allegedly adverse effect of the federal detainer on rehabilitative programs and parole decisions in the state prison. To the extent that Hopper contends that the state has arbitrarily and capriciously used the federal detainer to deny him rehabilitation and parole in violation of state law or without procedural due process, he should exhaust his state remedies.

### B. The Interstate Agreement on Detainers

■ Hopper claims that because the USPC failed to give him a timely hearing as required under the IADA, the federal parole revocation charge must be dismissed. The IADA prescribes procedures whereby persons serving a sentence in one party state may be brought to trial in another party state, where there is pending "any untried indictment, information, or com-

---

1. As of the date Hopper filed this habeas petition, he had not spent 24 months in confinement on the state charge. He may well be entitled to a hearing under 28 C.F.R. § 2.47(b)(1)(a) at this time.

plaint on the basis of which a detainer has been lodged against the prisoner." 18 U.S.C. App. § 2, art. III(a) (Supp.1981).[2] Failure to bring a prisoner to trial on the untried charge within the statutorily prescribed time results in a dismissal of that charge. *Id.* art. V(c).[3] Because we hold that an unadjudicated parole violator warrant is not a "complaint" within the meaning of article III of the IADA, Hopper's IADA claim also fails.

The Government relies on *United States v. Dobson,* 585 F.2d 55 (3d Cir.), *cert. denied,* 439 U.S. 899, 99 S.Ct. 264, 58 L.Ed.2d 247 (1979), and *United States v. Reed,* 620 F.2d 709 (9th Cir.), *cert. denied,* 449 U.S. 880, 101 S.Ct. 229, 66 L.Ed.2d 104 (1980), for the proposition that the IADA does not apply to an untried parole violator warrant. Those cases, however, address an entirely different issue. In *Dobson* and *Reed* the court held that neither a pretrial detainee nor a parole violator should be considered "serving a sentence" in one party state for IADA purposes. Here Hopper is definitely serving a sentence in the California state penitentiary. The issue is whether his unadjudicated parole violator status is a "complaint on the basis of which a detainer has been lodged" requiring a hearing by the federal Parole Commission.

The Government's reliance on *Moody* is likewise misplaced. In *Moody,* the court held that a parolee has no constitutional right to a revocation hearing while serving an intervening sentence for the same sovereign. 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). The IADA provisions are applicable where a defendant is held by one sovereign and a charge by a different sovereign is pending. Furthermore, *Moody* addresses constitutional due process rights; the IADA provides for a separate statutory right.[4]

In the legislative history of the IADA, "detainer" is defined as a "notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction." *See* H.R.Rep. No. 1018, 91st Cong., 2d Sess. 2 (1970), and S.Rep. No. 1356, 91st Cong., 2d Sess. 2 (1970) *reprinted in* 1970 U.S.Code Cong. & Ad.News 4864. The legislature further speaks of prisoners "convicted on the new charges," "threat of another prosecution," and "requesting trial." *Id.;* 116 Cong.Rec. 38841 (1970). Thus "untried indictment, information, or complaint" in the IADA was apparently used in its more technical form and was not intended to include unadjudicated parole violator's warrants. Moreover, in enacting the IADA, Congress was in part addressing their concern with recent Supreme Court cases vacating state charges, where the state had failed to bring a defendant to trial for a number of years while the defendant was serving time in a federal penitentiary. *See* H.R.Rep. No. 1018, 91st Cong., 2d Sess. 1–2 (1970), and S.Rep. No. 1356, 91st Cong., 2d Sess. 1 (1970) *reprinted in* 1970 U.S.Code Cong. & Ad.News 4864; 116 Cong.Rec. 38840 (1970). Thus, in the IADA, Congress was addressing outstanding criminal complaints against prisoners, and not outstanding parole violator warrants. The USPC has therefore not violated the IADA in failing to give Hopper a parole revocation hearing.

**2.** Both California and the United States are party states to the IADA. Cal.Penal Code §§ 1389–1389.8 (Deering 1982); *United States v. Mauro,* 436 U.S. 340, 354, 98 S.Ct. 1834, 1844, 56 L.Ed.2d 329 (1978).

**3.** A state court's failure to follow IADA's mandate to bring a defendant to trial within the prescribed time constitutes a violation of federal law for purposes of § 2254 where the defendant is not alleging that a writ of habeas corpus *ad prosequendum* is a detainer for IADA purposes. *Cody v. Morris,* 623 F.2d 101, 103 (9th Cir.1980). It follows that a federal actor's failure to follow the same IADA mandate constitutes a violation of federal law for purposes of § 2255. *See United States v. Williams,* 615 F.2d 585, 589–90 (3d Cir.1980).

**4.** The only two federal cases directly on point are *Hernandez v. United States,* 527 F.Supp. 83, 85 (W.D.Okla.1977) and *Sable v. Ohio,* 439 F.Supp. 905, 906 (W.D.Okla.1977), where the district court stated that a detainer based on a parole violator's warrant is not an "untried indictment, information, or complaint" under the IADA.

C. Statutory Rights Under 18 U.S.C. §§ 4213 and 4214

Hopper first argues that under 18 U.S.C. §§ 4213 and 4214, he was entitled to a hearing within sixty days of the issuance of his federal parole violator warrant. Section 4214 provides for a parole revocation hearing within sixty days of a determination of probable cause of parole violation, except where the parolee "has been convicted" of a crime after release on parole. 18 U.S.C. § 4214(a)(1)(B) and 4214(b)(1). Where the parolee has been convicted of an intervening crime, the conviction constitutes probable cause, and the parole board may issue a detainer against the parolee. 18 U.S.C. § 4214(b)(1). The detainer is reviewable within 180 days of notification to the USPC of its placement. *Id.* Here the USPC placed Hopper's detainer before his state conviction. Hopper reasons that the USPC is not authorized to place the warrant as a detainer before his conviction, and that the unauthorized procedure interfered with his state pretrial release rights, thus triggering the sixty-day hearing provisions of section 4214(a)(1)(B).

Hopper is correct that the statute and regulations expressly authorize a detainer where the violator has been convicted of an intervening crime. 18 U.S.C. § 4214(b)(1); 28 C.F.R. § 2.47(6) (1982). Nothing in the statute or regulations indicates whether the USPC may, or may not, issue a detainer after the intervening state arrest, but prior to the state conviction.[5] If the USPC had no authority to place the warrant as a detainer, then Hopper may have become entitled: (a) to a preliminary probable cause hearing on the parole violator warrant issued before the detainer, 18 U.S.C. § 4214(a)(1)(A), and (b) to a revocation hearing at the same time or within sixty days of a determination of probable cause, *id.* § 4214(a)(1)(B).

Even if Hopper were denied any statutory rights to a timely parole revocation and probable cause hearings, however, he would not be entitled to habeas relief in this case. The courts grant habeas relief because of delay where the petitioner demonstrates that the delay was unreasonable and prejudicial. *Goodman v. Keohane,* 663 F.2d 1044, 1046 (11th Cir.1981); *Maslauskas v. United States Board of Parole,* 639 F.2d 935, 938 (3d Cir.1980); *Lambert v. Warden, United States Penitentiary,* 591 F.2d 4, 7 (5th Cir.1979); *Smith v. United States,* 577 F.2d 1025, 1027–29 (5th Cir.1978). Hopper must demonstrate that he was prejudiced by the delay between the time the warrant was issued and the time of his conviction on the state charge; at that time Hopper's conviction constituted probable cause for the purposes of a preliminary hearing, and the USPC had express authority to place the detainer. 18 U.S.C. § 4214(b)(1).

In this case the USPC's failure to hold a probable cause hearing and the early detainer had no effect whatsoever on Hopper's pretrial rights in state court. Prior to the USPC's issuance of the warrant, Hopper was being held by state authorities in lieu of bail. Hopper admits that he was indigent and could not post the bail. Thus, the California authorities held Hopper not solely because of the federal warrant or detainer, but also because of his inability to post bail. Hopper contends that the warrant and detainer frustrated his pending attempts to reduce his bail. He cites no facts, however, to support this claim. Hopper does not contend that the failure to hold a timely hearing impaired his ability to present mitigating evidence to the parole board. Therefore, even if the USPC was not expressly authorized to issue a detainer before Hopper's conviction and denied Hop-

---

5. In *Goodman v. Keohane,* the Eleventh Circuit held the issuance of a detainer shortly after a parolee's arrest and the filing of state charges, but before a state conviction, proper under 18 U.S.C. § 4214(b), 663 F.2d 1044, 1045–46 (11th Cir.1981). The court's rationale, however, is not convincing. In *Goodman,* the court states that "section 4213 generally authorizes issuance of such detainers 'as soon as practicable after discovery of [any] alleged violation' of parole." *Id.* at 1046. Section 4213, however, only authorizes the issuance of *summons* or *warrants* as soon as practicable. Nothing expressly authorizes detainers until after conviction on an intervening crime. 18 U.S.C. § 4214.

per's right to a timely probable cause and parole revocation hearing, Hopper has not demonstrated the prejudice necessary for habeas relief.

■ To the extent that Hopper claims a statutory right to a revocation hearing merely because a detainer has been placed, his claims are without merit. The time for a parole revocation hearing is calculated from the execution of a federal warrant. *See Wickham,* 618 F.2d at 1309. A warrant is not considered "executed" where a parolee has been arrested on an independent intervening charge, and a detainer is placed at the institution with custody. *Cook v. United States Attorney General,* 488 F.2d 667, 671 (5th Cir.), *cert. denied,* 419 U.S. 846, 95 S.Ct. 81, 42 L.Ed.2d 75 (1974). *See Wickham,* 618 F.2d at 1309 n. 3. Moreover, the warrant need not be executed until the intervening sentence has been served. *Vladovic v. Parker,* 455 F.2d 495, 496 (9th Cir. 1972); *United States v. Bartholdi,* 453 F.2d 1225 (9th Cir.1972).

■ As an alternative statutory right, Hopper refers to section 4214(c) which requires a hearing within ninety days of the date of a parolee's "retaking." Hopper argues that the preconviction detainer constituted a retaking. The USPC, however, does not retake a parolee under section 4214(c) merely by placing a detainer with an institution with custody, where the parolee has been arrested on an intervening charge. *Doyle v. Elsea,* 658 F.2d 512, 517 (7th Cir.1981). Accordingly, the USPC has violated no statutory rights under sections 4213 and 4214 by its failure to hold a hearing within ninety days of issuing Hopper's parole violation warrant.

The denial of the petition for habeas corpus is AFFIRMED.