961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joe Martin CELAYA, Defendant-Appellant.
 No. 90-16442.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 24, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joe Martin Celaya appeals pro se the district court's dismissal of his 28 U.S.C. § 2255 motion for correction of sentence. Celaya contends the district court erred by failing to order the United States Parole Commission ("Commission") to take custody of him, hold a parole revocation hearing immediately, and require that any time imposed be served concurrently with his state sentence. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 In 1980, after entering a guilty plea to distribution of heroin in violation of 21 U.S.C. § 841(a)(1), Celaya was sentenced by the District of Arizona to serve five years imprisonment followed by a three year special parole term. In 1985, after his release from federal custody but during his period of special parole, Celaya was convicted by the state of Arizona of trafficking in stolen property. Pursuant to Celaya's plea agreement, the state sentencing court recommended that time served on the state offense should be concurrent to any federal sentence imposed because of the parole violation. Although the Commission lodged a detainer against Celaya pursuant to 18 U.S.C. § 4214(b)(1), it declined to take custody of him and hold a parole revocation hearing until after he completed his state sentence.
 
 
 4
 The Commission's decision to defer execution of the parole revocation warrant while Celaya was incarcerated on state charges did not deprive Celaya of any due process rights. Nothing in the controlling statutes or regulations gives Celaya "any 'right' to force the [parole revocation] decision of the Commission at this time." See Moody v. Dagget, 429 U.S. 78, 88 (1976). Furthermore, if revocation of Celaya's parole is the decision of the Commission at the time the parole revocation hearing is held, "the Commission has the power to grant [Celaya], retroactively, the equivalent of concurrent sentences...." See id. at 87. Under these circumstances, any claim by Celaya that he is entitled to serve concurrent sentences is not yet ripe. See Hopper v. United States Parole Com'n, 702 F.2d 842, 845 (9th Cir.1983).
 
 
 5
 Finally, Celaya has failed to show that the delay in holding his parole revocation hearing either was unreasonable or prejudiced his rights, both of which must be demonstrated in order to establish a claim of unconstitutional delay. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3