979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis C. SHEPTIN, Petitioner-Appellant,
v.
Thomas R. KINDT, Warden, Respondent-Appellee.
 No. 92-55147.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 18, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louis C. Sheptin, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2241 habeas corpus petition. He contends that the district court erred by denying, without an evidentiary hearing, his claim that the United States Parole Commission (Commission) acted outside its statutory authority by failing to hold a parole revocation hearing after the execution of a parole violator warrant. He also contends that the district court lacked jurisdiction to consider his habeas petition because he filed it in Indiana district court. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), and affirm.
 
 I. Parole Revocation Hearing
 
 3
 "If any parolee is alleged to have violated his parole, the Commission may ... issue a warrant and retake the parole." 18 U.S.C. § 4213(a)(2). If the warrant is executed in contravention of instructions accompanying it, however, the execution is invalid. United States v. Cox, 475 F.2d 837, 841 (9th Cir.1973). "[A]ny alleged parole violator ... retaken under section 4213 shall be accorded the opportunity to have ... a preliminary hearing ... without unnecessary delay...." 18 U.S.C. § 4214(a)(1)(A). If probable cause is found at the preliminary hearing, the parolee is entitled to a parole revocation hearing within 60 days. 18 U.S.C. § 4214(a)(1)(B).
 
 
 4
 If a parolee is convicted of a criminal offense while on parole, his parole violator warrant may be placed as a detainer at the institution where he is serving his new sentence. 18 U.S.C. § 4214(b)(1). If the warrant is placed as a detainer, the Commission must review the detainer within 180 days of "notification to the Commission of placement." Id. Nonetheless, a warrant is not considered executed when it is placed as a detainer, and need not be executed until the new sentence has been served. Hopper v. United States Parole Com'n, 702 F.2d 842, 848 (9th Cir.1983). After a warrant placed as a detainer pursuant to section 4214(b)(1) does become executed, the parolee is entitled to a parole revocation hearing within 90 days. 18 U.S.C. § 4214(c).
 
 
 5
 On December 14, 1982, Sheptin was convicted of possession of a check stolen from a federally insured bank and transportation of false securities, and sentenced to ten years imprisonment. He was released on parole on June 23, 1986. On October 22, 1987, the Commission issued a parole violator warrant, which included the following instruction: "if the parolee is already in custody of federal or state authorities, do not execute this warrant. Place a detainer and notify the Commission for further instructions. Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed."
 
 
 6
 On June 22, 1990, Sheptin was arrested in Alabama for bank fraud. The parole violator warrant was served on him at the Mobile, Alabama city jail on July 18, 1990. On November 9, 1990, he was convicted in Alabama district court of money laundering, bank fraud, and transportation of false securities, and sentenced to 51 months imprisonment. He was incarcerated in Terre Haute, Indiana.
 
 
 7
 Sheptin filed his habeas petition in the United States District Court for the Southern District of Indiana on February 21, 1991. He subsequently was transferred to a federal prison in Lompoc, California. On March 19, 1991, the Commission sent to the warden at Lompoc a copy of the parole violator warrant and a letter instructing that the warrant was to be placed as a detainer and was not to be executed without further instructions from the Commission. On June 7, 1991, the prison notified the Commission that the warrant had been placed as a detainer.
 
 
 8
 The district court correctly found that the instruction attached to the warrant in 1987 rendered ineffective any attempted execution of the warrant in Alabama on July 18, 1990. See Cox, 475 F.2d at 841. Therefore, Sheptin's right to a parole revocation hearing pursuant to 18 U.S.C. § 4214(a)(1) was not triggered on July 18, 1990. Moreover, because the warrant has been placed as a detainer and has not yet been executed, Sheptin's right to a parole revocation hearing pursuant to 18 U.S.C. § 4214(c) has not yet been triggered. See Hopper, 702 F.2d at 848. Accordingly, we affirm the district court's denial of Sheptin's habeas petition.
 
 II. Venue
 
 9
 On April 1, 1991, Sheptin informed the Indiana district court that he had been moved to Lompoc. The case then was transferred to the District Court for the Central District of California on May 6, 1991. The transfer was proper because Sheptin was confined within the jurisdiction of the Central District of California. See Feldman v. Perrill, 902 F.2d 1445, 1450 (9th Cir.1990) (jurisdiction to issue writ of habeas corpus exists in district where prisoner is confined); United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984) ("writ can issue only from a court with jurisdiction over the prisoner or his custodian"); cf. Francis v. Rison, 894 F.2d 353, 354 (9th Cir.1990) (" 'jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change' ") (quoting Santillanes v. United States Parole Com'n, 754 F.2d 887, 888 (10th Cir.1985)); but see Smith v. Campbell, 450 F.2d 829, 834 (9th Cir.1971) (holding that removal of petitioner from district after filing of habeas petition does not defeat jurisdiction in that district when those having present custody of petitioner are subject to the process of the district court, but suggesting in dictum that venue also would be proper in district to which petitioner had been transferred).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3