983 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lance Lewis SMITH, Petitioner-Appellant,
v.
U.S. PAROLE COMMISSION, Respondent-Appellee.
 No. 92-1832.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1992.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Lance Lewis Smith, a federal prisoner, requests the appointment of counsel on appeal from the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Smith was convicted in 1979 of conspiracy to violate civil rights, postal burglary, and interstate transportation of stolen property. He received a fifteen year sentence, and was released on parole in 1985. In 1990 he was convicted of conspiracy to manufacture, possession with intent to distribute and distribution of methamphetamine. He was sentenced to 68 months imprisonment. It was part of his plea agreement and his sentence that this new sentence should run concurrently with his sentence for parole violation. However, Smith contends that a detainer for parole violation has been filed, that he has not received a timely revocation hearing, and that he has not been notified that his sentences are running concurrently. He therefore sought relief by way of this petition. The district court dismissed the petition sua sponte for failure to exhaust administrative remedies. Smith argues on appeal that he is unable to exhaust administrative remedies due to the delay in holding his revocation hearing.
 
 
 3
 Upon review, it is concluded that this petition was properly dismissed for the reason stated by the district court. Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. See Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). Even if Smith is correct in arguing that there is no remedy currently available to him, he must show cause and prejudice for the failure to exhaust. See Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir.1986), cert. denied, 479 U.S. 1056 (1987). He is unable to meet the latter requirement because his complaint that his sentences are not running concurrently is premature, where his revocation hearing has not yet been held and the sentences may retroactively be run concurrently. See Hopper v. United States Parole Comm'n, 702 F.2d 842, 845 (9th Cir.1983).
 
 
 4
 Accordingly, the request for counsel is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.