983 F.2d 1080
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Dume WASHBURN, Petitioner-Appellant,
v.
Joseph H. CRABTREE, Respondent-Appellee.
 No. 91-35993.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Jan. 14, 1993.
 
 Before HUG, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner appeals the district court's denial of his petition for writ of habeas corpus on the basis that he is "being unlawfully detained beyond the sentence imposed by the courts."
 
 
 3
 Petitioner was sentenced to a federal term of imprisonment of eleven years and six months. When calculating "time served" on a federal sentence, appellant is not entitled to be credited for time served in state custody on a state conviction. Raines v. U.S. Parole Comm'n, 829 F.2d 840, 843 (9th Cir.1987). Nor must a federal warrant be served before completion of that intervening state sentence. Hopper v. U.S. Parole Comm'n, 702 F.2d 842, 848 (9th Cir.1983). The district court applied these rules in calculating the amount of time appellant has spent in federal custody, and determined appellant's full-term expiration date to be January 3, 1997. Appellant has offered no basis upon which to find that calculation to be clearly erroneous. Accordingly, we find no error in the district court's conclusion that the Bureau of Prisons has not incarcerated appellant beyond his judicially imposed term.
 
 
 4
 Further, the Bureau of Prisons' presumptive parole date (May 5, 1993) falls well before the expiration of petitioner's federal term. Petitioner's challenge to the parole commission guideline system at bottom is a contention that the computations should be based on the actual sentence (eleven and one-half years), not a term of fifteen years used by the Commission that resulted in the top of Washburn's parole guidelines range being 252 months. This argument ultimately fails. Calculation of parole eligibility is a completely different exercise than determining the length of the sentence. The guidelines require consideration of many factors, among them, severity of the crime, behavior in and out of prison and credit, for parole eligibility purposes, for state time served. As long as Washburn is released pursuant to a proper application of these guidelines and not later than the expiration date of his sentence, he has no cause to complain.
 
 
 5
 The order of the district court dismissing the petition for habeas corpus is affirmed.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3