990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Eugene ALLEN, Defendant-Appellant.
 No. 92-30260.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 7, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Eugene Allen, an Oregon state prisoner, appeals from the district court's denial of his motion for an expedited probation revocation hearing. We dismiss this appeal for lack of jurisdiction.
 
 
 3
 Allen pled guilty to two separate counts, one arising from an investigation in Oregon, the other from an investigation in Arizona. He was sentenced on December 15, 1987 to a period of five years probation on each of the charges, to run concurrently. On July 28, 1988 the district court found that Allen had violated the terms and conditions of his probation, and ordered it continued with additional terms.
 
 
 4
 Allen was subsequently convicted in Oregon state court on felony and misdemeanor charges. He is presently serving his sentence in the Oregon State Penitentiary. Authorities there do not expect to release him before February 25, 1994.
 
 
 5
 On February 2, 1992, the Probation Office filed a petition for warrant and order to show cause why probation should not be revoked. This warrant has been placed as a detainer with the Oregon State Penitentiary.
 
 
 6
 Allen filed a motion in the district court for an expedited hearing on the alleged probation violation. The district court denied the motion and Allen timely appeals.
 
 
 7
 We have jurisdiction to review all final decisions of the district court pursuant to 28 U.S.C. § 1291. The order at issue here is not final. In some instances, an interlocutory appeal is warranted where "(1) the order constitutes a complete and final rejection by the district court of the claim the order addresses, (2) the claim is collateral to and separate from the issue of the defendant's guilt, and (3) the right asserted by the claim would be irreparably lost if appeal review were delayed until after final judgment." Abney v. United States, 431 U.S. 651, 656 (1970). Here, the district court's order merely refuses to set an expedited hearing date on the parole revocation question before Allen is released from state custody and the warrant is actually executed. Accordingly, there can be no claim that the district court has issued a final determination on the question presented or that any right Allen is asserting will be irreparably lost if review is delayed until after final judgment. See Hopper v. U.S. Parole Commission, 702 F.2d 842, 848 (9th Cir.1983) (warrant need not be executed until the intervening sentence has been served; not "executed" where placed as a detainer in custodial institution). Thus, we are without jurisdiction to consider this collateral appeal. See United States v. Rossman, 940 F.2d 535, 536 (9th Cir.1991).
 
 
 8
 To the extent this notice of appeal can be construed as a petition for a writ of mandamus, the request is denied. See Moody v. Daggett, 429 U.S. 78, 86-89 (1976) (no constitutional right to an immediate revocation hearing); Hopper, supra.
 
 
 9
 We hereby dismiss this appeal for lack of jurisdiction.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3