52 F.3d 332
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Nickolas John ANDRADE, Plaintiff-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Defendant-Appellee.
 No. 94-16197.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 7, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nickolas John Andrade, a federal prisoner, appeals pro se the denial of his mandamus petition to require the United States Parole Commission to execute a parole violator warrant and hold a parole revocation hearing. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 In December 1987, Andrade was serving a special parole term on a federal conviction for manufacturing methamphetamine. He was arrested and held on a new federal charge, and the Parole Commission issued a detainer based on the new charge. In December 1988, Andrade pleaded guilty to conspiracy to manufacture and distribute methamphetamine and was sentenced to 324 months imprisonment and 6 years supervised release. The Bureau of Prisons lodged the parole warrant as a detainer. In January 1991, this court vacated Andrade's conspiracy conviction and remanded the case to the district court, which proceeded to consider various pretrial motions. See United States v. Andrade, No. 89-10204, unpublished memorandum disposition (9th Cir. Jan. 3, 1991).
 
 
 4
 In January 1994, Andrade was still in pretrial custody in the criminal case. He sought release on bail in the criminal case, and he also filed a mandamus petition to require the Parole Commission to execute the parole detainer and release him on bail pending reparole. The district court denied bail in the criminal case, and we affirmed. See United States v. Andrade, No. 94-10336, unpublished order (9th Cir. Aug. 5, 1994). The district court also denied the mandamus petition. Subsequently, in the criminal case, the district court accepted Andrade's guilty plea to manufacture of methamphetamine and sentenced him to 180 months imprisonment and 72 months supervised release. Andrade timely appeals the denial of mandamus relief.
 
 
 5
 Andrade contends that the district court erred by denying mandamus relief on the basis that the Parole Commission need not execute a parole violator warrant before the expiration of a current term of imprisonment. This contention lacks merit.
 
 
 6
 We review the denial of mandamus relief for abuse of discretion. Garcia v. Taylor, 40 F.3d 299, 301 (9th Cir.1994). We review de novo whether the requirements for mandamus relief have been met. Id. "The extraordinary remedy of mandamus under 28 U.S.C. Sec. 1361 will issue only to compel the performance of 'a clear nondiscretionary duty.' " Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988) (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)).
 
 
 7
 If a parolee is convicted of a new criminal offense while on parole, a parole violator warrant may be placed as a detainer at the institution where he is serving his new sentence. 18 U.S.C. Sec. 4214(b)(1). A warrant is not considered executed when it is placed as a detainer, and need not be executed until the new sentence has been served. Hopper v. United States Parole Comm'n, 702 F.2d 842, 848 (9th Cir.1983). After the warrant is executed, the parolee is entitled to a parole revocation hearing within 90 days. 18 U.S.C. Sec. 4214(c).
 
 
 8
 Andrade argues that the Sentencing Reform Act supercedes the above law and requires the Parole Commission to hold an immediate parole revocation hearing. The original version of the Sentencing Reform Act, which took effect on November 1, 1987, provided that the Parole Commission was to cease operating in November 1992; accordingly, before that date, it was to set release dates for all of the prisoners within its jurisdiction. Stange v. United States Parole Comm'n, 875 F.2d 760, 761-62 (9th Cir.1989) (citing 18 U.S.C. Sec. 3551(b)(3) (1984)). Andrade argues that the original version of Sec. 3551(b)(3) applies to him, and that the application of subsequent amendments to Sec. 3551(b)(3) would violate the Ex Post Facto Clause. These arguments are not ripe for review because Sec. 3551(b)(3) applies only to prisoners in the custody of the Parole Commission. See Stange, 875 F.2d at 761-62. Andrade is not in the custody of the Parole Commission because his detainer has not yet been executed. See Hopper, 702 F.2d at 848. Consequently, his ex post facto argument is premature. Accordingly, the district court did not err by denying mandamus relief. See Sebben, 488 U.S. at 121.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Andrade's motion for leave to file an addendum to his reply brief is granted in part; the addendum is ordered filed as a letter citing supplemental authorities under Fed.R.App.P. 28(j)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3