**UNITED STATES of America**

**v.**

**Everett Louis BARBER.**

**No. S 91–0276.**

United States District Court,
D. Maryland.

April 1, 1998.

Harvey E. Eisenberg, Baltimore, MD, for plaintiff.

Everett Louis Barber, defendant pro se.

### MEMORANDUM OPINION

SMALKIN, District Judge.

Everett Louis Barber was convicted in this Court and sentenced by Judge (now retired) Herbert Murray in the captioned criminal matter, to a period of 63 months imprisonment, followed by four years of supervised release.

On October 10, 1997, Mr. Barber was convicted of the offense of distribution of heroin, and he was sentenced to a period of imprisonment followed by a period of supervised release, by Judge Hilton of the United States District Court for the Eastern District of

**640**

Virginia. Mr. Barber is now serving that sentence of imprisonment in a federal institution in Virginia.

On February 27, 1998, the undersigned (to whom this case has been reassigned) signed a petition for violation of the supervised release in this case, on account of his new conviction. By a "Motion to Bring to Final Disposition or in the Alternative Dismissal of the Pending Detainer," filed in chambers April 1, 1998, Mr. Barber claims that he has a constitutional right to a "speedy trial" on the supervised release revocation matter. He claims that the charge of violation of supervised release acts as a detainer, and that it is hampering his progress in prison.

Mr. Barber's motion will be summarily denied.

■ First, Mr. Barber obviously cannot rely on the Interstate Agreement on Detainers (IAD), because he is held in custody by the same jurisdiction that has filed the detainer. Furthermore, even if the IAD were somehow relevant to this case, it is clear that a detainer arising from a federal parole violation (to which a violation of supervised release is analogous) is not covered by the IAD. *See, e.g., Hopper v. U.S. Parole Commission,* 702 F.2d 842, 846 (9th Cir.1983).

■ Second, to the extent Mr. Barber relies on a constitutional right to a speedy disposition, taking into account the congruity between a parole revocation and a revocation of supervised release for purposes of analysis under the constitution, relief is not available to Mr. Barber under the clear holding of *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), which makes it crystal clear that a decision on a parole revocation petition that imposes a detainer on a federal prisoner serving an active sentence of imprisonment may await the completion of the active sentence, without violating any constitutional right. Any right to a speedy disposition does not begin to accrue until there is an actual execution of the revocation warrant on the prisoner after service of the active sentence of imprisonment.

Consequently, because it is clear to this Court that the same result should obtain in the present case, seeking revocation of supervised release under 18 U.S.C. § 3583(e) as obtained under the now-repealed federal parole statutes, the Court will deny the present motion, under the authority of *Moody v. Daggett, supra.*

Finally, even if there were some sort of right to a speedy disposition of supervised release violation charges, it would afford Mr. Barber no comfort at this juncture, the petition for revocation having only been filed a month prior to Mr. Barber's motion.

For the reasons stated, an Order will be entered separately, denying the motion of Mr. Everett Louis Barber "to bring to final disposition or in the alternative dismissal of the pending detainer."