Frank Lorenzo **GIOVINCO,**
Petitioner—Appellant,

v.

Thomas L. **CAREY,** Respondent—
Appellee.

No. 04–15490.
D.C. No. CV–03–01535–MCE/GHG.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Frank Lorenzo Giovinco, CSPSOL–California State Prison, Vacaville, CA, pro se.

Ann C. McClintock, FPDCA–Federal Public Defender's Office, Daniel J. Kossick, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM**

California state prisoner Frank Lorenzo Giovinco appeals the district court's order denying his 28 U.S.C. § 2254 petition challenging the California Board of Prison Terms' (the "Board") decision finding him unsuitable for parole. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Giovinco contends that the 2001 decision by the Board finding him unsuitable for parole was based on insufficient evidence and thus violated his right to due process. In the parole context, due process requirements are satisfied if some evidence supports the Board's decision and that evidence bears some indicia of reliability. *See Biggs v. Terhune,* 334 F.3d 910, 915 (9th Cir.2003). The Board's bases for finding Giovinco unsuitable for parole satisfied these requirements. *See id.* at 916 (upholding denial of parole based solely on gravity of offense and conduct prior to imprisonment).

Giovinco next contends that the delay in holding the 2001 parole suitability hearing violated his constitutional rights. The state court found that Giovinco was partially responsible for the delay and that his due process rights were not violated. Federal courts grant habeas relief for delay where the petitioner demonstrates that the delay was unreasonable and prejudicial. *See Hopper v. United States Parole Comm'n,* 702 F.2d 842, 847 (9th Cir.1983). Giovinco has failed to make this showing. Accordingly, the district court properly denied this claim.

Finally, Giovinco contends that the four-year parole denial rendered in 1995 and the two-year parole denial rendered in 2001 violated the Ex Post Facto Clause in that he was entitled to annual parole suitability hearings based on the law in effect at the time of his commitment offense in 1981. California Penal Code section 3041.5, as amended in 1994, provides that

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

106

the Board may schedule a parole suitability hearing no later than up to five years after any hearing where a convicted murderer is denied parole and the Board finds that it is not reasonable to expect that parole would be granted at a hearing during the following years. Because the 1994 amendment simply altered the method of setting a parole release date, and because it does not create a meaningful "risk of increasing the measure of punishment attached to the covered crimes," its application to Giovinco does not constitute an Ex Post Facto Clause violation. *See California Dept. of Corrections v. Morales,* 514 U.S. 499, 509, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995).

**AFFIRMED.**