# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID LEVOYD REED,
Appellant,
vs.
BRIAN E. WILLIAMS, SR., WARDEN,
Respondent.

No. 82059

FILED

SEP 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART,
## REVERSING IN PART AND REMANDING

This is a pro se appeal from a district court order denying a petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Petitioner argues, among other things, that the Parole Board improperly delayed holding his final revocation hearing. Minimal due process requires that a final revocation hearing "must be tendered within a reasonable time after the parolee is taken into custody." *See Morrissey v. Brewer*, 408 U.S. 471, 488 (1972). A petitioner must show both that the delay in the parole revocation hearing was unreasonable and that he was prejudiced. *See Hopper v. United States Parole Comm'n*, 702 F.2d. 842, 845 (9th Cir. 1983) (recognizing that a petitioner seeking relief from an untimely parole revocation hearing "must show that the delay in the parole revocation hearing was both unreasonable and prejudiced his rights"). The Legislature has provided that the Board should conduct a parole revocation hearing within 60 days after a parolee is returned to the custody of NDOC.

---

[1]This appeal has been submitted for decision on the record without oral argument. *See* NRAP 34(f)(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

21-26865

NRS 213.1517(3); *see also Morrissey*, 408 U.S. at 488 (determining a lapse of two months is not unreasonable). The Board may defer a final parole revocation hearing based upon new criminal charges for up to 60 days after the parolee is returned to NDOC's custody following the final adjudication of the new charges. *See* NRS 213.1517(4). The district court determined that NRS 213.1517(4) permitted the Board to defer the hearing until the final adjudication of the new charges. But the circumstances here did not satisfy NRS 213.1517(4) given that appellant was returned to NDOC's custody *before* a final adjudication of the new charges. *See Moody v. Daggett*, 429 U.S. 78, 86-87 (1976) (recognizing that execution of a parole violation warrant and custody under that warrant triggers the requirement for a final revocation hearing). Each of the conditions set forth in NRS 213.1517(4) must be met to defer consideration beyond 60 days from the date the parolee is returned to NDOC's custody.[2] Thus, NRS 213.1517(3) governs and the Board should have held a final parole revocation within 60 days after appellant's return to NDOC's custody. Instead, the Board continued the final revocation hearing for over two years after appellant objected to the continuance at the first hearing. And the record does not support the State's assertion that appellant consented to multiple continuances.[3] Further, contrary to the district court's statement that

[2]The Parole Board could have deferred a final revocation hearing until adjudication of the criminal charges if the parole violation warrant had not been executed and appellant returned to NDOC's custody. Once appellant was returned to NDOC's custody, a prompt parole revocation hearing was required.

[3]In particular, the transcript of the hearing on appellant's petition indicates that the State conceded that "each time [the final parole revocation hearing] was continued it was continued over the objection of

continuing the hearing benefited appellant in that he would not incriminate himself with respect to the new criminal charges, this court has held that a probationer's testimony at a probation revocation hearing is inadmissible during the proceedings on separate criminal charges, except for purposes of impeachment and rebuttal. *See Cooper v. State*, 134 Nev. 399, 405, 422 P.3d 722, 728 (2018). This would naturally extend to parole revocation proceedings. Therefore, we conclude that the district court erred in determining that NRS 213.1517(4) permitted the Board to delay the final revocation hearing.

And even if NRS 213.1517(4) allowed the Board to defer a final parole revocation hearing until adjudication of new criminal charges for a parolee who already has been taken into NDOC's custody, a two-year delay over the parolee's objection is unreasonable and does not comport with minimal due process. Further, the argument that it was reasonable to delay the hearing for final adjudication of the new charges falls flat when the

---

[appellant]." The audio recordings indicate that appellant objected to a continuance at the first hearing and acquiesced at later hearings. His acquiescence is understandable given that the Parole Board repeatedly stated it had no choice but to continue the hearings due to the pending charges. And while his counsel asked for one continuance, counsel also acknowledged that appellant wanted to go forward with the final revocation hearing. These circumstances do not show that appellant consented to the delay in any meaningful way, particularly as he was told it was not his choice. We further reject any argument that appellant's refusal to participate in the final two parole revocation hearings constitutes a waiver of his right to challenge the timeliness of the final hearing. The record makes clear that appellant was denied a timely parole revocation hearing and became increasingly frustrated with the process.

Board ultimately conducted the final parole revocation hearing before any final adjudication of the new charges.[4]

The record also reflects that appellant was prejudiced by the delay because it affected his statutory good time credits, which were forfeited when the Board revoked his parole, and the expiration date of his sentence. Had the final revocation hearing been conducted in 2017, appellant could have earned two years of statutory good time credits that would have applied toward an earlier expiration date. Thus, we conclude that the district court erred in rejecting appellant's claim that the delay prejudiced him.

Generally, a due process violation in a parole revocation hearing would result in a new hearing. *See Anaya*, 96 Nev. at 125, 606 P.2d at 160. Because the violation here involves an unreasonable delay in the hearing, a new parole revocation hearing will not remedy the violation.[5] Therefore, on remand the district court shall enter an order granting the petition in part and direct NDOC to update appellant's records to reflect a parole revocation date as of November 28, 2017 (the first parole revocation

---

[4]The Parole Board indicated that it would hold the hearing because appellant was set to expire the prison term underlying the parole violation in a matter of days.

[5]The delay does not appear to have caused any prejudice regarding the resolution of the parole violation charges. Contrary to appellant's arguments, sufficient evidence supported the parole violations, including police reports and the grand jury transcript. *See Anaya v. State*, 96 Nev. 119, 123, 606 P.2d 156, 158-59 (1980) (determining that an arrest report is "[p]rima facie evidence of the facts it contains"). And his counsel's mitigation arguments were not of such character that the Board abused its discretion in revoking parole. Thus, we deny any relief on this basis and affirm this portion of the district court's decision.

date that was continued over his objections) and to calculate his credits and expiration date from that date.[6] Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[7]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Stiglich                                Gibbons

cc:    Eighth Judicial Dist. Court, Chief Judge
       Eighth Judicial Dist. Court, Dept. 1
       David Levoyd Reed
       Attorney General/Carson City
       Attorney General/Las Vegas
       Eighth District Court Clerk

---

[6]We conclude that the district court did not err in treating all of appellant's documents as seeking habeas corpus relief and denying appellant's request for an injunction, temporary restraining order, contempt, or other sanctions.

[7]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.